### COMMONWEALTH *vs.* JOSEPH ROLLO.

Berkshire.    September 14, 1909. — October 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Evidence,* Competency.

At the trial of an indictment for carnally knowing and abusing a female child less than thirteen years of age, evidence, which is competent to explain delay of the complainant in informing her mother of the acts of the defendant, is none the less admissible because it consists of a threat made by the wife of the defendant in his absence on the day after the crime was committed, which for other purposes would not be admissible.

INDICTMENT, found and returned in the county of Berkshire in January, 1909, for carnally knowing and abusing a female child under the age of sixteen years.

At the trial before *King,* J., there was evidence tending to show, among other things, that at the time of the alleged acts of the defendant, the complainant was less than thirteen years of age and that her mother was ill, that the wife of the defendant worked as a domestic for the mother and lived and lodged in the house, that the defendant made occasional visits to the house to see his wife and was passing the night there when the crime was committed. The evidence showed delay on the part of the complainant in informing her mother of the acts of the defendant. In the course of the complainant's examination, the

district attorney asked her what the defendant's wife said to her the next day after the crime was committed, in the absence of the defendant. The defendant objected. The judge overruled the objection, and the defendant excepted. The complainant was allowed to testify that the defendant's wife said to her that if she did not keep still about what the defendant had done to her the defendant's wife would leave her place and would work no more for the complainant's mother.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. J. Moore,* for the defendant.

*S. S. Taft,* District Attorney, for the Commonwealth, submitted a brief.

HAMMOND, J.   One of the legitimate arguments which could have been made against the credibility of the complainant's story was that she did not promptly complain to her mother. While the conversation which took place between the defendant's wife and the complainant was not admissible as evidence of any fact, or even of the good faith of the wife in making the threat therein contained, yet it was admissible as tending to explain the delay of the complainant in making her complaint. This is too plain to require discussion or the citation of authorities.

*Exceptions overruled.*