COMMONWEALTH *vs.* ALEXANDER ELLIS.

Suffolk.   May 6, 1946. — May 29, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Carnal Knowledge. Evidence,* Presumptions and burden of proof, Competency, Corroborative, Admissions and confessions, Relevancy and materiality. *Witness,* Expert.

A finding of guilty of carnally knowing and abusing a female child under sixteen years of age was warranted upon testimony of the child and evidence of fresh complaints by her respecting conduct of the defendant.

At the hearing of an indictment charging ten offences, at various dates in the first three months of a year, of carnally knowing and abusing a female child under sixteen years of age, no error appeared in the admission in evidence, solely as a fresh complaint with reference to the tenth offence charged, of testimony of a witness that, within a few hours after the alleged tenth offence, the child, in response to questions not shown to be suggestive or leading, had made statements of fact to him which did not differ from testimony as to those facts which she gave at the hearing.

It was reversible error, at the hearing of an indictment charging carnal knowledge and abuse of a female child under sixteen years of age, to admit testimony by a police officer that the child told her story in the presence of the defendant while he was not under arrest, and that the defendant then stated, in reply to a question by the officer as to what he had "to say to that," "It is a frame-up. I am too old. I am a sick man. I am sixty years old. I have had this little girl sweeping my floor for several weeks, and never harmed her": such reply was an unequivocal denial of the child's charge.

At a criminal trial, no error appeared in the exclusion of questions asked of a physician to show that the defendant was physically incapable of committing the crime charged, where it appeared that in part at least the exclusion was due to the judge's not being satisfied with the qualifications of the witness.

It was within the discretion of a judge, hearing an indictment charging carnal knowledge and abuse of a female child under sixteen years of age on ten occasions, where the defendant contended that he was physically incapable of committing the crime charged, to exclude testimony of physicians as to the results of a physical examination of the defendant on the morning of the trial, which was about three months after the date of the last offence charged.

INDICTMENT found and returned on June 9, 1944.

The case was heard by *Higgins*, C.J.

*G. R. Farnum*, (*L. J. Gillis* with him,) for the defendant.

*F. J. Hickey*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was indicted in ten counts for unlawfully and carnally knowing and abusing a female child under sixteen. G. L. (Ter. Ed.) c. 265, § 23. He waived his right to trial by jury and was tried and found guilty.

1. Certain requests for rulings designed to raise the question of law whether the evidence was sufficient to warrant a conviction were denied subject to the defendant's exception. We omit detailed recital of the evidence. The defendant concedes, as he necessarily must, that the testimony of the complainant, if believed, was proof of guilt. His contention is that the burden on the Commonwealth of proving guilt beyond a reasonable doubt was not sustained, because the uncorroborated testimony of the complainant was "replete with obvious and inherent improbabilities, contradicted in material particulars by her testimony in the lower court, and overwhelmingly discredited by a

cloud of reputable witnesses for the defence." We think, however, that the case presented the usual question of credibility of witnesses, and that the judge properly could, as he did, find the defendant guilty. These exceptions are overruled.

2. The defendant excepted to the admission in evidence of statements of the complainant made to her mother and later to the police on March 28, 1944. Nine offences were charged to have been committed on various dates in January, February, and March, 1944. The statements in question were each admitted as a fresh complaint solely with reference to the tenth offence which was alleged to have occurred between 3:10 P.M. and 3:45 P.M. on March 28. The complainant, who testified in great detail as to the occurrences on the various dates, testified that on March 28 at first she told her mother she had to stay after school to help the teacher, and then said she was in the defendant's tailor shop and the defendant "did things to her." With reference to the same conversation the mother testified that she talked to the complainant after her return home at 4:30 P.M. and asked what the complainant had been doing in the tailor shop; that at first the complainant said nothing, but then started to cry and said that he "was doing bad things to her." A police officer, called as a witness by the Commonwealth, testified that at 8 P.M. on March 28 he talked with the complainant at the police station in the presence of her mother and two other police officers; and that the complainant's testimony, which he had heard, did not differ in any respect from what she had told him on March 28. "Testimony that an alleged victim of rape or similar outrage made a voluntary complaint of the fact of the assault after the event is generally held admissible in a criminal prosecution. . . . In this Commonwealth the ground of admission is held to be the corroboration of the testimony of the complainant as a witness. . . . [The] whole of the statement made by her, including the details, is admissible." *Glover* v. *Callahan*, 299 Mass. 55, 57, 58. *Commonwealth* v. *Cleary*, 172 Mass. 175, 176–177. *Commonwealth* v. *Gangi*, 243 Mass. 341, 344. See Wigmore,

Evidence (3d ed.) § 1138. It cannot be said as matter of law that the complaints in the case at bar were made too late. *Commonwealth* v. *Cleary, supra,* 177. *Commonwealth* v. *Rollo,* 203 Mass. 354. See *Commonwealth* v. *Piccerillo,* 256 Mass. 487, 490–491. See also Wharton, Criminal Evidence (11th ed.) § 311. The statements did not cease to be voluntary merely because they may have been given, in part at least, in response to questions, which were not shown to be of a suggestive or leading character. *State* v. *Pearson,* 49 R. I. 386, 388. *King* v. *Osborne,* [1905] 1 K. B. 551. *King* v. *Norcott,* [1917] 1 K. B. 347. It is not a valid objection to admissibility that the defendant was also charged with the earlier commission of similar offences. There was no error in the admission of this testimony.

3. Subject to the defendant's exception, the same police officer was permitted to testify that on the evening of March 28 in the presence of the defendant, who was at the police station but not under arrest, the complainant retold the same story which she had previously related to the police officers. The judge stated that the evidence was competent on the ground that "if the man is not under arrest there is some obligation on his part to make denial." See *Commonwealth* v. *Twombly, ante,* 464, 465. The witness then testified that he asked the defendant if he understood what the complainant had said; that the defendant said that he did; and that the witness asked, "What have you to say to that?" and the defendant replied, "It is a frame-up. I am too old. I am a sick man. I am sixty years old. I have had this little girl sweeping my floor for several weeks, and never harmed her." It is clear that the defendant's reply was a complete denial of the charge. It was open to but a single unequivocal interpretation. Compare *Commonwealth* v. *Spiropoulos,* 208 Mass. 71, 74. The stated basis of competency of the evidence, which was received as a sort of admission, did not exist. This exception must be sustained. *Commonwealth* v. *Trefethen,* 157 Mass. 180, 197. *Commonwealth* v. *Kosior,* 280 Mass. 418, 422–423. *Commonwealth* v. *Polian,* 288 Mass. 494, 496. *Commonwealth* v. *Twombly, ante,* 464, 465.

4. Certain questions by the defendant's counsel to doctors called by him, which sought to elicit opinions that the defendant was physically incapable of committing the crime with which he was charged, were excluded, in part at least because the judge was not satisfied with the qualifications of the witnesses. There was no error. Except in rare instances, the preliminary question of the qualification of a witness called as an expert must rest with the trial judge. *Corrao* v. *Sears, Roebuck & Co.* 298 Mass. 23, 26. *Langis* v. *Danforth,* 308 Mass. 508, 510. *Snow* v. *Merchants National Bank,* 309 Mass. 354, 362. Other questions asked one of the doctors by counsel for the defendant seeking to show the results of a physical examination of the defendant on June 22, 1944, the morning of the trial, were rightly excluded in the discretion of the judge. *Commonwealth* v. *Colangelo,* 256 Mass. 165, 166.

Other questions of evidence not likely to arise at another trial are not considered.

*Exceptions sustained.*