COMMONWEALTH *vs.* GEORGE R. LUND. November 1, 1977. The defend-
ant has appealed (G. L. c. 278, § 28E) from his conviction of rape
(G. L. c. 265, § 22, as appearing in St. 1974, c. 474, § 1), urging error
in connection with the judge's admitting in evidence, on the theory
of fresh complaint (see, generally, *Commonwealth* v. *Bailey,* 370 Mass.
388, 391-397 [1976]), the contents of three conversations which the
victim had had with various persons following the commission of the
acts alleged, at approximately 2:00 A.M. on the day in question. The
evidence disclosed a total of five such complaints. The admission of
three of the four complaints objected to was preceded by correct in-
structions as to the single purpose for which the particular complaint

Rescript Opinions.

might be considered by the jury, and in his charge the judge carefully reiterated and expanded on those instructions with respect to all five complaints. See and compare *Commonwealth* v. *Howard,* 355 Mass. 526, 530 (1969); *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 519 (1972); *Commonwealth* v. *Blow,* 370 Mass. 401, 404 (1976). Contrast *Commonwealth* v. *Spare,* 353 Mass. 263, 266 (1967). 1. The complaints to the two police officers occurred not later than 11:15 A.M. on the day in question; neither appeared to be more remote in time than those considered in *Commonwealth* v. *Cleary,* 172 Mass. 175 (1898), and *Commonwealth* v. *Howard,* 355 Mass. at 529-530; they constituted the second and third, respectively, of a consecutive series of four complaints (compare *Commonwealth* v. *Howard,* 355 Mass. at 530; *Commonwealth* v. *Izzo,* 359 Mass. 39, 41-43 [1971]) which the victim had voiced on the day in question; and both emerged as "noncontroversial, largely inconspicious, and redundant segment[s] of the trial" *(Commonwealth* v. *Bailey,* 370 Mass. at 393). The sole ground of objection to both complaints was that "this does not appear to be a complaint initiated by the victim," apparently because the officers had initiated the conversations by calling the victim on the telephone. That ground has been essentially abandoned on appeal in favor of the entirely new contention that neither complaint was voluntary. Compare *Commonwealth* v. *Coolbeth,* 4 Mass. App. Ct. 855 (1976). It is enough to say that the judge was not required to exclude or strike either complaint merely because it took the form of the victim's answering leading questions which were designed to (and apparently did) corroborate information already within the possession of the officers. See *Commonwealth* v. *Ellis,* 319 Mass. 627, 630 (1946); *Commonwealth* v. *Hanger,* 357 Mass. 464, 465, 466-467 (1970). 2. It might have been wiser if the judge had excluded the complaint which the victim had made to her employer when she returned to work, still "very nervous and distraught," at approximately 8:45 A.M. on the second morning following the incident, but that complaint was no more specific than, and was entirely consistent with, (a) the direct testimony of the victim, (b) the explicit and intimately detailed complaint (no longer objected to) which the victim had made to her girl friend shortly after the incident and which was already in evidence, and (c) another equally explicit and detailed complaint which had already been referred to in the cross-examination of the victim and which the jury could have found had been made to the victim's physician on the fourth day following the incident. See and compare *Commonwealth* v. *McGrath,* 358 Mass. 814, 815 (1971); *Commonwealth* v. *Izzo,* 359 Mass. at 43; *Commonwealth* v. *Bettencourt,* 361 Mass. at 519; *Commonwealth* v. *Blow,* 370 Mass. at 404.

*Judgment affirmed.*

*William P. Homans, Jr.,* for the defendant.
*Roberta Thomas Brown,* Legal Assistant to the District Attorney, for the Commonwealth.