COMMONWEALTH *vs.* JOSEPH J. DOYLE. May 12, 1978. The defendant was convicted on retrial, after an earlier mistrial, of several drug related offenses. The only issue raised on appeal is whether the judge erred in denying the defendant's motion for a new trial. The defendant argues on appeal, as he did at the hearing on his motion in the Superior Court, that the assistant district attorney knowingly allowed the key prosecution witness to give perjured testimony at the first trial. The defendant asserts that the key prosecution witness falsely testified at that trial that the prosecutor had made no promises or offered any inducements in exchange for the witness's cooperation. (There was no such testimony at the second trial.) There was no error. Although there is some support in the record for the defendant's contention, the judge (who was also the trial judge) found, on evidence which warranted the finding, that the assistant district attorney "prosecuted the action honestly and fairly" and "did not in any way suggest to the jury anything that caused the jury to be misled." See *Commonwealth* v. *Lombardo*, 2 Mass. App. Ct. 667, 672-673 (1974). Contrast *Commonwealth* v. *Nelson*, 3 Mass. App. Ct. 90, 99-101 (1975), *S.C.* 370 Mass. 192 (1976). The judge was not obliged to accept as true the affidavits submitted on behalf of the defendant. *Commonwealth* v. *Bernier*, 359 Mass. 13, 16 (1971). Cf. *Coonce* v. *Coonce*, 356 Mass. 690, 692 (1970). To the contrary, there was corroboration of the prosecutor's specific denial that he had communicated any promises to the witness prior to his testifying at the first trial of the defendant. See *Commonwealth* v. *Lombardo, supra* at 672. But see *id.* at n.6. Moreover, the witness's testimony at the trial was consistent with statements made at the time of his arrest, which statements the judge found to have been made "voluntarily" and "without any expectation of reward or favor for having made them." In sum, we view the decision in *Commonwealth*

v. *Gilday*, 367 Mass. 474, 489-491 (1975), as controlling in these circumstances.

*Order denying motion for new trial affirmed.*

The case was submitted on briefs.
*John Cavicchi* for the defendant.
*Peter D. Feeherry*, Assistant District Attorney, for the Commonwealth.