COMMONWEALTH vs. ARTHUR J. GRILLO. December 26, 1978. The single issue argued by the defendant in this appeal was correctly disposed of by the trial judge, both for the reasons stated in parts 1 and 2 of his findings and for the reason that the unintentional inaccuracies in the police officer's affidavit were not material to a showing of reliability in light of the fact (apparent on the face of the court records furnished the judge) that the person named in the affidavit had been arrested for and found guilty of possession of heroin. See *Commonwealth* v. *Reynolds*, 374 Mass. 142, 146–147 (1977); *Commonwealth* v. *Sheppard*, 5 Mass. App. Ct. 765 (1977).

*Judgment affirmed.*

*Clyde D. Bergstresser* for the defendant.
*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.

COMMONWEALTH vs. ROGER BEDARD. December 26, 1978. There is no absolute rule of law as to the time within which the victim of a sexual assault must make her first complaint of the assault in order to qualify that complaint for admission in evidence as a fresh complaint. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 390, 391-392, 392-393 (1976). It is clear from the evidence at voir dire and from the judge's findings thereon that the victim's first complaint in this case was made within a period of time following the rapes which was reasonably prompt in light of all the circumstances. Nothing more was required. The relevant cases are collected in *Commonwealth* v. *Lund*, 5 Mass. App. Ct. 884 (1977).

*Judgments affirmed.*

The case was submitted on briefs.
*Susan J. Baronoff* for the defendant.
*George M. O'Connor*, Assistant District Attorney, for the Commonwealth.