COMMONWEALTH *vs.* REUBEN D. EDWARDS. March 5, 1979. 1. As we read the record, the judge was never asked to rule on the question whether the victim's first complaint to her mother was too remote in time (approximately a day and a half following the rape) to qualify for admission in evidence as a fresh complaint. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 391-397 (1976). The only objection ever articulated to either the fact or the content of that complaint was "hearsay"; there was no request for a limiting instruction as to the purpose for which the jury might properly consider a fresh complaint, either when the questions were asked of the mother or in the charge (see *Commonwealth* v. *Bailey*, 370 Mass. at 393 n.5 and 396 n.11); and we note that there was no objection whatsoever to the police officer's testifying to the content of a like complaint which the victim had made to him at a somewhat later time. See *Commonwealth* v. *Johnson*, 374 Mass. 453, 465 (1978). If we were to give the defendant the benefit of all possible doubt as to whether the question was raised below, we would find no reversible error. There was evidence, both by the time the defendant registered his objections and thereafter (see *Commonwealth* v. *Howard*, 355 Mass. 526, 530 [1969]), from which the judge could have found that the first complaint to the mother had been made within a period of time which was reasonably prompt in light of the circumstances (*Commonwealth* v. *Bedard*, 6 Mass. App. Ct. 959 [1978]) that the victim was ten years old (see *Commonwealth* v. *Cleary*, 172 Mass. 175, 177 [1898]), that the defendant had been living with the mother in the apartment for some period of time, and that the victim was afraid of the defendant. 2. We are obliged to consider the denial of the defendant's motion (presented at the close of all the evidence) to dismiss indictment No. 017311 (brought under G. L. c. 265, § 23, as appearing in St. 1974, c. 474, § 3) for duplicity with indictment No. 017310 (brought under G. L. c. 265, § 13B, as appearing in St. 1958, c. 189), as the judge did not seek or obtain the defendant's consent to placing that indictment on file. *Commonwealth* v. *Delgado*, 367 Mass. 432, 437-438 (1975). Contrast *Commonwealth* v. *Hoffer*, 375 Mass. 369, 370 n.1 (1978). However, we need say only that the defendant has not been and cannot be harmed by that denial because no sentence of incarceration can be imposed on No. 017311 beyond the one already imposed on No. 017310. See *Commonwealth* v. *Delgado*, 367 Mass. at

439-440; *Commonwealth* v. *Pleas*, 370 Mass. 863 (1976); *Commonwealth* v. *Stewart*, 375 Mass. 380, 390-393 (1978); *Commonwealth* v. *Monsen*, 377 Mass. 245, 246, 250-251 (1979). There is no merit to the argument that the defendant was prejudiced by allowing the case to go to the jury on both indictments. See *Commonwealth* v. *Benjamin*, 3 Mass. App. Ct. 604, 623-627 (1975). 3. It has not been argued, or even suggested, that there was any error with respect to indictment No. 017312. See *Commonwealth* v. *Franks*, 365 Mass. 74, 75 n.1 (1974). The judgments on indictments Nos. 017310 and 017312 are affirmed. The defendant is given leave to file a further motion to dismiss indictment No. 017311. See *Commonwealth* v. *Coburn*, 5 Mass. App. Ct. 781, 783 (1977); *Commonwealth* v. *Schlieff*, 5 Mass. App. Ct. 665, 672 (1977).

*So ordered.*

*John J. Russell* for the defendant.

*John A. Mendlesohn*, Special Assistant District Attorney, for the Commonwealth.