COMMONWEALTH *vs.* CHARLES HEALEY. December 4, 1979. The defendant alleges error in his conviction on an indictment charging him with rape of an eight year old male child. G. L. c. 265, § 23. We affirm the judgment.

1. Whether the young victim was competent to testify was a matter within the discretion of the trial judge, and he did not err in finding that although the child's parents had not punished him in the past when he had lied and although he did not know what would happen to him if he lied "to the Judge," he was competent as a witness because he had demonstrated an understanding of the difference between right and wrong and an appreciation of his duty to speak the truth. *Commonwealth* v. *Tatisos,* 238 Mass. 322, 325 (1921). *Commonwealth* v. *Welcome,* 348 Mass. 68, 70 (1964). *Malchanoff* v. *Truehart,* 354 Mass. 118, 120-121 (1968).

2. The defendant's assignment of error that the child's complaint of the July rape to his father in November was too remote in time from the indictment to be admissible on the basis of fresh complaint (see *Commonwealth* v. *Bailey,* 370 Mass. 388, 391-392 [1976]) brings no question to us for review. When the prosecutor offered the conversation, the trial judge excluded it by stating, "I don't want it," and the prosecutor did not then pursue the topic; the defendant thereafter made inquiry of the child as to whether he had ever told anyone about what had happened and of the father as to what his child had told him, and the prosecutor then had a right to pursue the topic. *Commonwealth* v. *Cataldo,* 326 Mass. 373, 377 (1950). *Commonwealth* v. *Kirker,* 362 Mass. 202, 204-205 (1972). The defendant took no objection or exception to the prosecutor's inquiries in an effort to limit the examination or in an attempt to revitalize his claim of remoteness. *Commonwealth* v. *Therrien,* 371 Mass. 203, 207 (1976). *Commonwealth* v. *Cooper,* 4 Mass. App. Ct. 782 (1976). Moreover, the child's complaint could be regarded as reasonably prompt in light of the evidence that the defendant had threatened him that the police would take his father away if he told him. *Commonwealth* v. *Lund,* 5 Mass. App. Ct. 884 (1977). *Commonwealth* v. *Bedard,* 6 Mass. App. Ct. 959 (1978).

*Judgment affirmed.*

*John C. McBride* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.