COMMONWEALTH *vs.* FREDERICK A. HANNAFORD. October 3, 1980. The appeal is from jury convictions on a mixed bag of indictments laid under G. L. c. 265, § 22 (as appearing in St. 1974, c. 474, § 1), and G. L. c. 272, § 35. 1. No ground for reversal arises out of the admission in evidence, on the theory of fresh complaint, of the written statement concerning the defendant's sexual activities with the victim which she gave the police approximately six days after the date of the last of the offences under G. L. c. 265, § 22. There was evidence from which the judge could have found that during the six-day period the victim had voiced complaints of those activities to the defendant's cousin (Curtis) and to her mother, and that the victim had been in fear of the defendant by reason of

the fact that, upon his learning of one of those complaints, he had beaten her with such severity as to require surgery, several days' hospitalization and subsequent medication. With a minor exception, that statement was no more explicit than the testimony the victim had already given on direct examination. See *Commonwealth* v. *Lund,* 5 Mass. App. Ct. 884, 885 (1977), and cases cited; *Commonwealth* v. *Bedard,* 6 Mass. App. Ct. 959 (1978); *Commonwealth* v. *Edwards,* 7 Mass. App. Ct. 868 (1979); *Commonwealth* v. *Bishop,* 9 Mass. App. Ct. 468, 473 (1980). If the objection was that some of the activities recited in the statement were too remote in time from the date of one or more of the offences alleged in the indictments, that point should have been made clear to the judge when the statement was offered in evidence. See *Commonwealth* v. *Ellis,* 319 Mass. 627, 629 (1946). 2. We pass the point that the defendant failed to move to strike the unresponsive answer of the witness Prouty to the effect that the defendant had stolen some paint because the same information was immediately thereafter admitted in evidence without objection or exception. 3. No exception was taken (the case was tried prior to July 1, 1979) to the exclusion of the questions to the defendant's daughter which were designed to elicit evidence to the effect that the victim and Curtis had threatened the daughter with bodily harm if she should testify in the defendant's behalf and that they intended to do whatever was necessary to put the defendant in jail. See *Commonwealth* v. *Lewis,* 4 Mass. App. Ct. 844 (1976), and cases cited. In any event, the desired evidence was properly excluded for the reasons set out by the judge in the memorandum filed by him in connection with his disposition of the motion for a new trial. See also *Commonwealth* v. *Clifford,* 374 Mass. 293, 299-300 (1978); *Commonwealth* v. *Best,* 381 Mass. 472, 491-493 (1980). 4. There is no occasion to consider any of the objections now advanced to the judge's charge to the jury, as the defendant did not except to any portion of the charge or request any further instruction which was denied. *Commonwealth* v. *Fluker,* 377 Mass. 123, 130-131 (1979). Proper exceptions would have been to no avail. (a) The erroneous explication of the function of a District Court judge presiding over a probable cause hearing (see *Myers* v. *Commonwealth,* 363 Mass. 843, 847, 848, 850 [1973]) was harmless beyond a reasonable doubt; the judge immediately differentiated a probable cause hearing and the trial of an indictment before a jury and gave unexceptionable instructions on the prosecution's burden of proof beyond a reasonable doubt which, in essence, were cast in the mold of *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850), and *Commonwealth* v. *Watkins,* 377 Mass. 385, 388 (1979). (b) The judge should not have instructed on "statutory rape" or told the jury that "[the victim's] consent is of no consequence" because none of the indictments was laid under any of G. L. c. 265, §§ 13B, 22A or 23, as then in effect; but the jury could not have been misled or confused, as the possible consent of the victim had not been made an issue during the trial. There is nothing in

*Commonwealth* v. *Scagliotti,* 373 Mass. 626, 629 (1977), which requires a different conclusion. (c) For reasons akin to those subsequently expressed in *Commonwealth* v. *Williams,* 378 Mass. 217, 233-235 (1979), and *Commonwealth* v. *Best,* 381 Mass. at 498, the defendant was not prejudiced by the unfortunate reading of a portion of the charge in *Commonwealth* v. *Madeiros,* 255 Mass. 304, 307 (second full par., third sent.) (1926). 5. The credibility of the victim had been put in issue by the exposure of three separate instances in which she had told deliberate lies concerning the transgressions of the defendant; the hostility of both the victim and Curtis toward the defendant had been explored at length; and the jury had been apprised of the fact that Curtis had spent time in a house of correction in this Commonwealth. In the circumstances, we are not persuaded that trial counsel's (a) not exposing the criminal charges then pending against both witnesses (which the judge subsequently found had been "trumped up") and his (b) not offering Curtis's criminal record in New Hampshire (which was not particularly egregious) do not reflect reasonable tactical decisions made by experienced trial counsel concerning the impact which such additional evidence might have on the jury in their assessments of the credibility of the two witnesses. See and compare *Commonwealth* v. *Daigle,* 379 Mass. 541, 543-546 (1980). Nor are we persuaded that trial counsel's (c) not requesting various limiting or other instructions and (d) not objecting to any aspect of the charge reflect anything more than his assessments of the merits of some of the points now espoused by appellate counsel. 6. None of the other questions arising out of or during the course of the trial which are still pressed deserves specific discussion. 7. No question concerning the motion for a new trial, which was filed on March 30, 1979, and denied on September 19, 1979, was raised by the notice of appeal from the convictions, which was filed November 19, 1978. Compare *Synthetic Materials Corp.* v. *Maciel,* 8 Mass. App. Ct. 943, 944 (1979); *Tiernan* v. *Tiernan,* 9 Mass. App. Ct. 901 (1980). See now Mass.R.A.P. 4(b), as amended effective July 1, 1979, 378 Mass. 929 (1979). If we were to consider the questions raised by that motion, we would conclude that all of them lack merit. In particular, it was open to the judge to find (as he did) from the uncontradicted affidavit of the prosecutor that the latter had not made any promise to or agreement with either the victim or Curtis for the testimony of either and that the prosecutor's decision to nol pros the pending charges against both witnesses was unilateral. Compare *Commonwealth* v. *Lombardo,* 2 Mass. App. Ct. 667, 668-673 (1974); *Commonwealth* v. *Doyle,* 6 Mass. App. Ct. 880 (1978). Contrast *Commonwealth* v. *Nelson,* 3 Mass. App. Ct. 90, 97-101 (1975), *S.C.,* 370 Mass. 192, 195 (1976). See generally *Commonwealth* v. *Haywood,* 377 Mass. 755, 759 n.4 (1979), and cases cited. The judgments on the indictments which were not placed on file are affirmed.

*So ordered.*

*Patrick A. Fox* for the defendant.

*W. Theodore Harris, Jr.,* Assistant District Attorney, for the Commonwealth.