COMMONWEALTH *vs.* K. BRENT WILSON. September 24, 1981. The defendant appeals from jury convictions on indictments charging him with unlawfully having sexual intercourse or unnatural sexual intercourse with a child under sixteen years of age. G. L. c. 265, § 23, as amended by St. 1974, c. 474, § 3. We affirm the judgments.

1. The defendant's motion to dismiss the indictments due to preindictment delay was properly denied where the delay could not be attributed to the government and where the defendant's claim of prejudice was based on his allegation of an inability to remember where he was on the dates of the offenses or the names of potential witnesses who might be able to place him away from the scene of the crimes on those dates. *United States* v. *Marion*, 404 U.S. 307, 325-326 (1971). *Commonwealth* v. *Best*, 381 Mass. 472, 483-486 (1980).

2. There was no error in admitting in evidence the corroborative testimony of six "fresh complaint" witnesses. See generally *Commonwealth* v. *McGrath*, 364 Mass. 243, 247 (1973); *Commonwealth* v. *Bailey*, 370 Mass. 388, 391-397 (1976). There was evidence to show that the victim's complaints were reasonably prompt in light of the circumstances (see *Commonwealth* v. *Izzo*, 359 Mass. 39, 43 [1971]; *Commonwealth* v. *McGrath*, 364 Mass. at 247) which were as follows: (a) the victim was ten years old at the time of the first offense, see *Commonwealth* v. *Howard*, 355 Mass. 526, 530 (1969), and *Commonwealth* v. *Edwards*, 7 Mass. App. Ct. 868 (1979); (b) the defendant was living in the victim's home, and at the times of the various offenses, he had assumed the role of her step-father, see *id.*; (c) the victim was inhibited by the defendant's statements to her that "all fathers do this to their daughters," and she feared the defendant, who had hit her and warned her not to tell her mother or she (the victim) would be in trouble, see *Commonwealth* v. *Rollo*, 203 Mass. 354, 355 (1909); *Commonwealth* v. *Izzo*, 359 Mass. at 42-43; *Commonwealth* v. *Healey*, 8 Mass. App. Ct. 938 (1979); *Commonwealth* v. *Hannaford*, 10 Mass. App. Ct. 903, 904 (1980); and (d) the victim was afraid to tell her mother (whose testimony showed that

she too physically abused the victim) for fear of being disbelieved and beaten. See *Commonwealth* v. *Colangelo*, 256 Mass. 165, 165-166 (1929), overruled on other grounds, *Commonwealth* v. *Howard*, 355 Mass. at 529. Our review of the record indicates that four of the witnesses, the victim's girlfriends, were complained to by the victim within four to eight months after the various assaults. The judge's rulings of admissibility were preceded by lengthy voir dire hearings, see *Commonwealth* v. *McGrath*, 364 Mass. at 247, and proper instructions to the jury on the limited, corroborative purpose to which the evidence could be put, see *Commonwealth* v. *Bishop*, 9 Mass. App. Ct. 468, 473 (1980).

We do not reach this question as to the remaining witnesses, the victim's mother and the school guidance counsellor, who were complained to two and a half to three years after the last assault. The judge ruled that the mother could not testify as to her daughter's statements, but defense counsel's subsequent cross-examination of the victim then made the testimony admissible for purposes of corroboration. *Commonwealth* v. *Simpson*, 6 Mass. App. Ct. 856 (1978). *Commonwealth* v. *Healey*, 8 Mass. App. Ct. at 938. Moreover, defense counsel failed to renew his objections to the testimony of either witness. *Commonwealth* v. *Therrien*, 371 Mass. 203, 207 (1976). *Commonwealth* v. *Healey, supra*. Further, since neither witness testified to the details of the complaints made to them and since their testimony was only cumulative of that already before the jury, we see no substantial risk of a miscarriage of justice or prejudicial error by the admission of the testimony. See *Commonwealth* v. *Izzo*, 359 Mass. at 43; *Commonwealth* v. *Blow*, 370 Mass. 401, 404 (1976).

3. We see no error in the judge's refusal to accept the victim's school file as a business record under G. L. c. 233, § 78. The keeper of the records from the school testified that the file consisted of reports which had been prepared by social agencies, clinics, and various evaluators for reasons unrelated to the school. These numerous reports were collected as referrals and reviewed by the school in order to obtain a social background on the victim when she sought admission to the school. Compare *Commonwealth* v. *Leonard*, 352 Mass. 636, 639-641, 644 (1967). Moreover, the proffered records appear to contain second level hearsay and conclusory collective opinions from sources not necessarily identifiable from the records. See *Kelly* v. *O'Neil*, 1 Mass. App. Ct. 313, 316-317 (1973). Finally, while the defendant was not allowed to introduce the records to discredit the victim in the manner he desired, he was able to put before the jury certain hospital records and testimony which made the point that the victim "lives in a fantasy world of her own," that "her reality testing is poor," and that she "may seek closeness and affection in her fantasies."

4. The record does not support the defendant's assertion that after granting the defendant's motion for a directed verdict on a certain count of one of the indictments, the judge submitted that count to the jury for their consideration. While the transcript does reflect that the judge stated

that the motion was allowed as to count one of the indictment, it appears that this was either a stenographic error or a slip of the tongue. The docket entries and the written notation on the defendant's motion specify that it was allowed as to count two. The jury were given verdict slips for counts one and three of the indictment, and the judge made specific references to count one in his charge to the jury, with which the defendant stated he was "content." Cf. *Mitchell* v. *United States,* 434 F.2d 230, 231 (9th Cir. 1970), cert. denied, 402 U.S. 946 (1971).

5. We see no error in the single justice's refusal to stay the execution of the defendant's sentence pending his appeal. See *Commonwealth* v. *Hodge (No. 1),* 380 Mass. 851, 855-856 (1980).

*Judgments affirmed.*

*Thomas F. Heffernon* for the defendant.
*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.