COMMONWEALTH *vs.* PAUL A. GREENE. December 3, 1981. The defendant has appealed from his conviction of the manslaughter of his four months old son on Sunday, December 17, 1978. The cause of death (an extensive fracture of the skull which could not have been the result of a fall) was conceded, and the only question at trial was who among the four adult occupants of a locked apartment had killed the child. 1. The mother's sister, a periodic visitor at the apartment, was permitted to testify over objection that on the second Sunday prior to the death the defendant had slapped the child's bottom, called him an "asshole" and "[t]aken him by the neck and pushed him in the crib"; and that the defendant had then proceeded to lock the door to the child's room and watch football on television. That testimony was admitted following a voir dire during which the witness demonstrated for the judge (as she later did for the jury) the manner in which the defendant had handled the child on the occasion in question. That demonstration does not come through from the printed page, but it appears to have been such as to cause the judge to characterize the defendant's conduct as a "prior hostility act toward this child" when he ruled that the prosecutor could inquire as to the incident. The judge instructed in his charge (on the following morning) that the testimony "is not substantive evidence to be considered as proof of this offence . . . and it is for you to determine whether it shows a continuing hostility towards, or resentment on the part of the defendant towards the infant, and it is limited to that. It is what is called, sometimes referred to as state of mind evidence." There was no abuse of discretion or other error in the admission of the testimony or in the instructions. *Commonwealth* v. *Bartolini*, 299 Mass. 503, 510-511, cert. denied, 304 U.S. 565 (1938). *Commonwealth* v. *Bonomi*, 335 Mass. 327, 345 (1957). *Commonwealth* v. *Haley*, 363 Mass. 513, 523-524 (1973). *Commonwealth* v. *Little*, 376 Mass. 233, 238 (1978). *Commonwealth* v. *Labbe*, 6 Mass. App. Ct. 73, 76-77 (1978). See also *Commonwealth* v. *Cutler*, 356 Mass. 245, 247, 248 (1969). 2. It was open to the jury to find from the prosecution's case as a whole, that the defendant was the only person to enter the child's room during the period between the time when all the occupants of the apartment had retired the previous evening and the time, shortly after noon on Sunday, when the child's body was

discovered; from the testimony of the mother, that the defendant had entered that room sometime between 6:00 and 7:00 A.M.; and, from the testimony of the pathologist, that death came between 6:00 and 8:00 A.M. When that evidence is combined with the testimony recited in part 1 hereof, there is no genuine question as to the sufficiency of the evidence to warrant a rational jury in concluding beyond a reasonable doubt (*Commonwealth* v. *Latimore*, 378 Mass. 671, 678 [1979]) that it was the defendant who had killed the child. *Commonwealth* v. *Medeiros*, 354 Mass. 193, 197 (1968), cert. denied sub nom. *Bernier* v. *Massachusetts*, 393 U.S. 1058 (1969). *Commonwealth* v. *Lussier*, 364 Mass. 414, 420-421 (1973). *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 54-56 (1975). *Commonwealth* v. *Casale*, 381 Mass. 167, 175-176 (1980). See also *Commonwealth* v. *Labbe*, 6 Mass. App. Ct. at 76. The argument to the contrary is grounded on the erroneous premise that the jury were required to believe the evidence most favorable to the defendant as to when the child stopped crying and as to when the body was discovered. Compare *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 18-19 (1980). 3. While it might have been the better course to omit any instruction on the elements of murder, the judge instructed on that subject "just to distinguish this crime of manslaughter" and told the jury four times that the defendant was charged with manslaughter but not murder (e.g., "Have in mind that I tell you the only crime charged here is manslaughter"). See and compare *Commonwealth* v. *Hannaford*, 10 Mass. App. Ct. 903, 904 (1980). There is no occasion to consider the propriety of the instructions on manslaughter because no question concerning them was raised below (see *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 [1967]; *Commonwealth* v. *Fluker*, 377 Mass. 123, 130-131 [1979]) and because, as already noted, the only question at trial was the identity of the killer.

*Judgment affirmed.*

*Brownlow M. Speer* for the defendant.
*Lance J. Garth*, Assistant District Attorney, for the Commonwealth.