COMMONWEALTH *vs.* JAMES A. BRENNER, JR. July 16, 1984. *Indecent Assault and Battery. Evidence,* Fresh complaint, Relevancy and materiality. *Consent.*

The defendant was convicted of indecent assault and battery on a child under age fourteen (G. L. c. 265, § 13B) on evidence which tended to show that he and a girlfriend were close friends of the victim's mother; that during 1982 they visited the mother frequently — often daily; that the mother and the girlfriend would often play cards, leaving the defendant and the victim alone; that on numerous such occasions the defendant touched the victim in a manner designed to stimulate her sexually; that on one occasion he had her stimulate him sexually; that the victim was seven years old when these acts began and eight when the last such incident took place; and that the incidents came to light when, three to four months thereafter, the victim mentioned them to a school friend, who told her own mother, who told the victim to tell her mother. The defendant appeals from his conviction and from two orders by a single justice of this court denying the defendant a stay of execution of sentence.

1. The complaint, which alleged that the defendant indecently assaulted and beat the victim "on divers dates in 1982," is indistinguishable from that held valid in *Commonwealth* v. *King,* 387 Mass. 464, 467-469 (1982). At least as to sex crimes against youthful victims, the *King* case has in substance overruled *Commonwealth* v. *Fuller,* 163 Mass. 499 (1895), on which the defendant relies. If the Commonwealth's particulars left it uncertain which act was the subject of the complaint, the defendant could have sought further particulars. *Commonwealth* v. *Whitehead,* 379 Mass. 640, 649 (1980). Smith, Criminal Practice and Procedure § 1296 (2d ed. 1983).

2. The defendant's general motion for a required finding of not guilty was denied, and he now argues, based on *Commonwealth* v. *Burke,* 390 Mass. 480 (1983), decided after the trial in this case, that the denial was erroneous because the Commonwealth failed to introduce evidence that the victim did not consent to the defendant's advances. The *Burke* case held that G. L. c. 265, § 13B, did not establish fourteen as a legal age for capacity to consent and that the common law does not establish any other legal age of consent. 390 Mass. at 482-487. "In the absence of a legislative

determination, capacity to consent to sexual touching, short of intercourse or attempted intercourse, is a question of fact and not of law . . . . In making this [factual] determination, the age of the child is a crucial factor, but other factors, such as intelligence, maturity, and experience, may be considered." *Id*. at 487. Given the age of the victim, whom the jury saw and could evaluate for intelligence and maturity, we have no basis for concluding that the jury could not have found as matter of fact, beyond a reasonable doubt, that she lacked the capacity to consent and thus did not consent.

3. The evidence of the incident in which the defendant had the victim masturbate him was admissible for its tendency to show the defendant's disposition to engage the victim in sexual acts within the time frame of the complaint. *Commonwealth* v. *Piccerillo*, 256 Mass. 487, 489-490 (1926). *Commonwealth* v. *Machado*, 339 Mass. 713, 715 (1959). *Commonwealth* v. *King*, 387 Mass. at 469-471. See also *Commonwealth* v. *Gallison*, 383 Mass. 659, 672-674 (1981). The judge's instruction on this subject was unexceptionable, the reference therein to illicit sexual intercourse being merely by way of example. The prosecutor's argument concerning the incident was entirely proper, as the jury must be convinced of its truth in order to draw the intended inference concerning the defendant's state of mind.

4. "Fresh complaint" testimony has not been confined to cases of forcible rape, where its rationale is most evident, see *Commonwealth* v. *Bailey*, 370 Mass. 388, 392-394 (1976), but has been received in other cases of sexual assaults, *Glover* v. *Callahan*, 299 Mass. 55, 56 (1937), including those where consent is immaterial, as in *Commonwealth* v. *Cleary*, 172 Mass. 175, 177 (1898) (statutory rape), and *Commonwealth* v. *Ellis*, 319 Mass. 627, 629 (1946) (statutory rape). Other jurisdictions have held fresh complaint testimony admissible in prosecutions for indecent assault and battery. See *Rex* v. *Osborne*, [1905] 1 K.B. 551, 558-559; *People* v. *Burton*, 55 Cal. 2d 328, 351 (1961); *Pillod* v. *People*, 119 Colo. 116, 119-120 (1948); *People* v. *Bonneau*, 323 Mich. 237, 240 (1948); *State* v. *Balles*, 47 N.J. 331 (1966), appeal dismissed, 388 U.S. 461 (1967); *State* v. *Murley*, 35 Wash.2d 233, 236-237 (1949). The defendant relies on *People* v. *Scattura*, 238 Ill. 313, 316 (1909), for a contrary rule (see also *People* v. *Romano*, 306 Ill. 502, 504 [1923]); but, as explained in *People* v. *Hernandez*, 88 Ill. App. 3d 698, 704-705 (1980), Illinois's rationale is that such testimony is admissible solely for its bearing on consent, lack of which is not an element of the Illinois crime. In Massachusetts, of course, lack of consent is an element of the crime under § 13B, *Commonwealth* v. *Burke, supra*, and we see no reason why that crime should be treated differently for purposes of admission of fresh complaint testimony from other sexual assaults. Compare *Commonwealth* v. *Kendall*, 113 Mass. 210 (1873).

In prosecutions involving sexual abuse of or assault on children, the cases have not insisted on great promptness in the making of the complaint. See

*Commonwealth* v. *Howard*, 355 Mass. 526, 530 (1969); *Commonwealth* v. *King*, 387 Mass. at 473-474; *Commonwealth* v. *Healey*, 8 Mass. App. Ct. 938 (1979); *Commonwealth* v. *Wilson*, 12 Mass. App. Ct. 942 (1981). Moreover, the "complaint" itself has been held admissible despite the fact that it was elicited by questioning. *Commonwealth* v. *Ellis*, 319 Mass. at 630. Compare *Commonwealth* v. *Lund*, 5 Mass. App. Ct. 884, 885 (1977). These flexibilities in the application of the usual fresh complaint strictures are necessitated by the facts that the perpetrators of such offenses are often relatives or close friends of the youthful victim, have his or her confidence, and by persuasion or threat, express or implied, induce the child's silence. See *Commonwealth* v. *Rollo*, 203 Mass. 354, 355 (1909); *Commonwealth* v. *King*, 387 Mass. at 473; *Commonwealth* v. *Edwards,* 7 Mass. App. Ct. 868 (1979); *Commonwealth* v. *Healey, supra; Commonwealth* v. *Wilson, supra.* See also *Commonwealth* v. *Atkinson*, 15 Mass. App. Ct. 200, 203 (1983). In the circumstances of this case we cannot say that the trial judge abused his discretion in admitting in evidence the circumstances of the victim's revelations or her statements to her friend, her friend's mother, or her own mother.

5. The orders of the single justice denying the defendant a stay of execution of sentence (and, in one case, vacating a previously granted partial stay), to the extent not made moot by this opinion, were well within his discretion under *Commonwealth* v. *Allen*, 378 Mass. 489 (1979), and *Commonwealth* v. *Levin*, 7 Mass. App. Ct. 501 (1979). Those orders are affirmed and the judgment is affirmed.

*So ordered.*

*Jane Kenworthy Lewis* (*Usher A. Moren* with her) for the defendant.
*Susan S. Beck*, Assistant District Attorney, for the Commonwealth.