COMMONWEALTH *vs.* BERNARD F. BARAN, JR. March 27, 1986. *Rape. Indecent Assault and Battery. Practice, Criminal,* Severance, Discovery, Particulars. *Witness,* Child, Competency. *Evidence,* Leading question, Fresh complaint, Judicial discretion.

The appeal is from three convictions under G. L. c. 265, § 23, and five convictions under G. L. c. 265, § 13B. 1. The defendant offered no evidence to support the broad allegations of the concluding paragraph of his motion to sever, which were to the effect that he might wish to testify in some of the cases and invoke the privilege against self-incrimination in other cases. He even facilitated joinder to the extent that he waived indictment on two of the charges and consented to be tried on complaints for each type of offence. G. L. c. 263, § 4A. Mass.R.Crim.P. 3(d), 378 Mass. 848-849 (1979). In the exercise of the judge's discretion, the jury would have learned of the defendant's commission of the other offences even if each pair of indictments or complaints had been severed and tried separately. Requiring the child witnesses to testify at as many trials as there were alleged victims would have been out of the question. (See now G. L. c. 278, § 16D, inserted by St. 1985, c. 682.) At the outset of the case, following the reading of the indictments and immediately prior to the commencement of the prosecutor's opening statement, the judge explained to the jury that there was a total of twelve charges and instructed that "they are separate cases and they should be considered by you as separate matters, each one independent of each other." There was no objection to the portion of the prosecutor's closing argument which is set out in the defendant's brief

and which, even now, is not said to have been improper. The jury, by their treatment of indictments nos. 18044 and 18045, demonstrated their ability to distinguish between victims and offences. We see no abuse of discretion in the joinder, and no prejudice resulting to the defendant. See Mass.R.Crim.P. 9(a)(1), (3) and (d)(2), 378 Mass. 859, 860 (1979). Compare *Commonwealth* v. *Gallison,* 383 Mass. 659, 671-674 (1981); *Commonwealth* v. *King,* 387 Mass. 464, 469-472 (1982); *Commonwealth* v. *Pope,* 392 Mass. 493, 502-503 (1984); *Commonwealth* v. *Sylvester,* 13 Mass. App. Ct. 360, 361-362 (1982), *S.C.,* 388 Mass. 749, 753-758 (1983); *Commonwealth* v. *Thomas,* 19 Mass. App. Ct. 1, 6 (1984); *Commonwealth* v. *Fleury-Ehrhart,* 20 Mass. App. Ct. 429, 430-432 (1985). 2. The defendant had been supplied with the minutes of the proceedings before the grand jury and with copies of every police report, witness statement and report of the Department of Social Services in the possession of the prosecution. The prosecutor had offered to make the videotaped interviews of the victims available to the defense. The longest time span alleged in any of the indictments and complaints was approximately nine months; the shortest was less than four months. There is no record support for the assertion in the defendant's brief that the denial of his motion for particulars (Mass.R.Crim.P. 13[b][1], 378 Mass. 872 [1979]) resulted in depriving him of alibis. On this branch of the case the defendant has advanced no contention which was not considered and rejected in *Commonwealth* v. *Vernazzarro,* 10 Mass. App. Ct. 897, 897-898 (1980), and *Commonwealth* v. *Lamory,* 14 Mass. App. Ct. 925 (1982). See also *Commonwealth* v. *King,* 387 Mass. at 468-469; *Commonwealth* v. *Atkinson,* 15 Mass. App. Ct. 200, 203 (1983). 3. We see no abuse of discretion in any of the rulings by which the judge determined the competency of each of the alleged victims to testify to the various assaults which had been committed. See G. L. c. 233, § 20; *Commonwealth* v. *Hutchinson,* 10 Mass. 225 (1813); *Commonwealth* v. *Lynes,* 142 Mass. 577, 580 (1886); *Commonwealth* v. *Robinson,* 165 Mass. 426, 427 (1896); *Commonwealth* v. *Reagan,* 175 Mass. 335, 339-340 (1900); *Commonwealth* v. *Ramage,* 177 Mass. 349, 349-350 (1901); *Commonwealth* v. *Tatisos,* 238 Mass. 322, 325-326 (1921); *Commonwealth* v. *Welcome,* 348 Mass. 68, 70 (1964); *Commonwealth* v. *Widrick,* 392 Mass. 884, 888 (1984); *Commonwealth* v. *Healey,* 8 Mass. App. Ct. 938 (1979); *Commonwealth* v. *Jimenez,* 10 Mass. App. Ct. 441, 443 (1980); Liacos, Massachusetts Evidence 174-175 (5th ed. 1981). The judge heard each of the alleged victims testify at informal voir dire proceedings conducted in his lobby. Before making any of his determinations the judge elicited testimony from a child psychiatrist of undisputed qualifications to the general effect that in the normal course of events a child learns to distinguish between right and wrong and between reality and fantasy at around the age of two. The judge viewed a videotape of a police interview of the youngest victim before ruling that she was competent to testify. The record discloses that the judge was aware of the relevant criteria for determining competency

and that he agonized over the decisions which might be characterized as borderline. Finally, the defendant received required findings of not guilty (Mass.R.Crim.P. 25[a], 378 Mass. 896 [1979]) on the two indictments on which the alleged victim refused to testify before the jury. 4. "The Court have no doubt, that it is within the discretion of a judge at the trial, under particular circumstances, to permit a leading question to be put to one's own witness, as . . . where the witness is a child of tender years, whose attention can be called to the matter required, only by a pointed or leading question." *Moody* v. *Rowell,* 17 Pick. 490, 498 (1835) (Shaw, C.J.). "The objections concerning leading questions do not merit individual discussion." *Commonwealth* v. *Therrien,* 359 Mass. 500, 508 (1971). We have reviewed the testimony of each child witness which was elicited in response to leading questions in light of all the testimony given by the same witness and in light of the decided cases. We find no abuse of discretion in any of the rulings complained of. See, e.g., *Commonwealth* v. *Harrison,* 342 Mass. 279, 286 (1961); *Commonwealth* v. *Mitchell,* 367 Mass. 419, 420 (1975); *Commonwealth* v. *Carrion,* 370 Mass. 408, 441 (1976). See also *Commonwealth* v. *Flynn,* 362 Mass. 455, 467 (1972); Liacos, Massachusetts Evidence 70 (5th ed. 1981). 5. Proper instructions on the limited use to which fresh complaint evidence could be put were given at the conclusion of the testimony of the first fresh complaint witness, and the jury were reminded of those instructions on several occasions in the course of the Commonwealth's case. The instructions were repeated in the charge. The testimony complained of assumed particular relevance when considered in light of the various attempts by the defendant's trial counsel to insinuate by questioning and argument that the testimony of the victims had been influenced by parents, social workers and members of the prosecution team. The cases decided in the wake of *Commonwealth* v. *Bailey,* 370 Mass. 388, 391-397 (1976), do not support the notion that fresh complaint evidence should be excluded in cases such as the present. *Commonwealth* v. *King,* 387 Mass. at 473-474. *Commonwealth* v. *Wilson,* 12 Mass. App. Ct. 942, 942-943 (1981). *Commonwealth* v. *Brenner,* 18 Mass. App. Ct. 930, 931-932 (1984). We note that the judge wisely refused to allow more than one witness to testify to the content of any one complaint.

*Judgments affirmed.*

*David O. Burbank* for the defendant.

*Daniel A. Ford,* Assistant District Attorney (*Anthony J. Ruberto, Jr.,* District Attorney, with him) for the Commonwealth.