COMMONWEALTH *vs.* EDWARD ROCKWOOD. No. 88-P-1237. May 17, 1989. *Indecent Assault and Battery. Witness,* Child, Competency. *Practice, Criminal,* Voir dire, Instructions to jury. *Evidence,* Fresh complaint, Reputation.

Among the points which the defendant Rockwood raises on his appeal from a conviction of indecent assault and battery on a minor,[1] the only one not abundantly explored in recent case law is whether an oath must be administered to a witness who undergoes voir dire examination for competency.

---

[1] More specifically, a child under the age of fourteen. G. L. c. 265, § 13B.

1. *The facts.* We summarize the pertinent facts which the evidence permitted the jury to find. In 1986, Rockwood, the father of the victim, moved into his woman friend's household in Braintree; meanwhile his ex-wife and the victim, his six-year-old daughter, lived in Whitman. From the time of her parents' divorce, the daughter made overnight visits with Rockwood. After the summer of 1986, the child began to exhibit inappropriate behavior of a sexual nature.

Her mother had brought the child to a therapist, Linda Simon. Within a month or so of a resumption of therapy in November, 1986,[2] the child began to relate that she and her father slept in the same bed during the overnight visits. On at least one occasion, he had placed his hand on the child's "private" and prompted her to "please touch my dick." The victim also described the molestation to Jane Zundell of the Norfolk district attorney's sexual assault unit.

A complaint charging Rockwood followed. A jury of six found Rockwood guilty on one count and acquitted him of the other.

2. *Oath at voir dire.* On the morning of trial, the trial judge conducted a hearing on the testimonial competence of the then eight-year-old victim. Rockwood does not dispute that the witness showed at voir dire a "capacity to understand and communicate coupled with a consciousness of the duty to speak the truth." See *Malchanoff* v. *Truehart*, 354 Mass. 118, 120-121 (1968). Rather, he attacks the procedure as defective because, although the victim did testify under oath before the jury, the court did not administer the oath to the child at voir dire. See generally G. L. c. 233, §§ 14-19. Despite the failure to raise this objection below, we make some observations on the procedure. See *Cady* v. *Norton*, 14 Pick. 236, 237 (1833); *Cipollone* v. *D'Alessandro-Crognale, Inc.*, 333 Mass. 469, 472 (1956).

A voir dire for competence explores not only the ability of the proposed witness to "observe, remember, and give expression" to her experiences, but also her "understanding sufficient to comprehend the difference between truth and falsehood, the wickedness of the latter and the obligation and duty to tell the truth, and, in a general way, belief that failure to perform the obligation will result in punishment." *Commonwealth* v. *Tatisos*, 238 Mass. 322, 325 (1921). *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 329 (1986). *Commonwealth* v. *Corbett*, 26 Mass. App. Ct. 773, 775 (1989). This adds up to "whether [the] witness understands the nature of [the] oath." *Commonwealth* v. *Reagan*, 175 Mass. 335, 339 (1900). See also 6 Wigmore, Evidence § 1821 (Chadbourn rev. 1976).

It follows that a trial judge could choose not to administer the oath until the child witness demonstrates sufficient comprehension of its gravity. This procedure is not without precedent in the Commonwealth. *Commonwealth* v. *Hutchinson*, 10 Mass. 225 (1813). *Commonwealth* v. *Marshall*, 211 Mass. 86, 88-89, 90 (1912). Other courts have also asked questions first

---

[2] Simon had seen the child earlier in the summer.

and administered the oath later. See, e.g., *Doran* v. *United States*, 205 F.2d 717, 718 (D.C. Cir.), cert. denied, 346 U.S. 828 (1953); *Donnelley* v. *Arizona*, 5 Ariz. 291, 297-298 (1898); *People* v. *Adams*, 7 Cal. App. 2d 743, 746 (1935); *People* v. *Weston*, 236 Ill. 104, 107 (1908); *Thomas* v. *State*, 92 Wis. 2d 372, 381 (1979). Indeed, it has been suggested that to swear in a child at voir dire may constitute error, albeit not prejudicial if the court ultimately finds the child competent. *Barrett* v. *State*, 23 Ark. App. 144, 146 (1988). *State in the Interest of R.R.*, 79 N.J. 97, 112 (1979).[3] State courts may exercise considerable leeway in fashioning procedures to determine the competence of child witnesses. Cf. *Kentucky* v. *Stincer*, 482 U.S. 730 (1987). There can be neither error nor prejudice if the witness takes the oath prior to testifying before the jury.

3. *Instruction on the element of age.* Rockwood raises for the first time on appeal whether the judge's instruction that the "age [of the victim] . . . doesn't come into play" resulted in a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). An essential element of an offense under G. L. c. 265, § 13B, is the age of the victim.[4] Cf. *Commonwealth* v. *Miller*, 385 Mass. 521, 522 (1982) (age an element of crime of statutory rape, G. L. c. 265, § 23, although knowledge of age is not). This, however, is a case where the undisputed evidence proves, and the closing argument of the defense concedes, the victim's age. Compare *Commonwealth* v. *Pittman*, 25 Mass. App. Ct. 25 (1987). Rockwood suffered no prejudice by the judge's assumption that the child's age was not a question which the jury had to ponder.

4. *Fresh complaint testimony.* The judge properly allowed Simon and Zundell to give fresh complaint testimony. Reception in evidence of the child's complaints made four to six months after the sexual assault is well within the court's discretion. See *Commonwealth* v. *Comtois*, 399 Mass. 668, 672-673 n.9 (1987) (nine-month-old complaint); *Commonwealth* v. *Amirault*, 404 Mass. 221, 228-229 (1989) (eighteen-month-old complaint); *Commonwealth* v. *Healey*, 8 Mass. App. Ct. 938 (1979) (four-month-old complaint); *Commonwealth* v. *Wilson*, 12 Mass. App. Ct. 942, 943 (1981) (four-to-eight-month-old complaints); *Commonwealth* v. *Brenner*, 18 Mass. App. Ct. 930, 930, 931-932 (1984) (nearly four-month-old complaint); *Commonwealth* v. *Adams*, 23 Mass. App. Ct. 534, 535-536 (1987) (four-month-old complaint). Courts must give "special consideration to the natural fear, ignorance and susceptibility to intimidation that is often part of a

---

[3] No authority, cited by Rockwood or which we have been able to uncover, indicates otherwise.

[4] The version of § 13B, as appearing in St. 1980, c. 459, § 4, in force at the time of the assault (before the effective date of St. 1986, c. 187), provided in pertinent part:

"Whoever commits an indecent assault and battery on a child under the age of fourteen shall be punished . . . by imprisonment in a jail or house of correction for not more than two and one-half years . . . ."

child's make-up." *Commonwealth* v. *Lagacy*, 23 Mass. App. Ct. 622, 626 n.6 (1987).

5. *Cross-examination of the victim*. Rockwood insists that the trial judge improperly limited his impeachment of the victim. The defendant sought to attack the child's reputation for veracity by asking her whether she underwent therapy because of "telling some stories."[5] As a test of general reputation of the witness (defense counsel's stated purpose), this was not, even in form, a proper question to put to a child, who could be confused by it. In general,[6] "[e]vidence of bad character for purposes of impeachment can only be shown by evidence of general reputation for veracity and not by proof of specific acts." *Commonwealth* v. *Favorito*, 9 Mass. App. Ct. 138, 140 (1980). See also *F.W. Stock & Sons* v. *Dellapenna*, 217 Mass. 503, 506 (1914); *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 755-756 (1961); *Commonwealth* v. *Sperrazza*, 379 Mass. 166, 169 (1979); *Commonwealth* v. *Healey*, ante 30, 39 (1989); Liacos, Massachusetts Evidence 147 (5th ed. 1981). Compare *Commonwealth* v. *Bohannon*, 376 Mass. 90 (1978). The judge correctly disallowed the question.

*Judgment affirmed.*

*Terrance J. McCarthy* for the defendant.
*Mary T. Gibbons,* Assistant District Attorney, for the Commonwealth.

---

[5] In response to a similar question, Simon could not recall any story-telling by the child.

[6] We put aside the obvious problem of whether a child can testify to her reputation in the community. It is a prospect that engenders some skepticism.

