COMMONWEALTH *vs.* GEORGE E. CUTTER. March 20, 1980. 1. It is clear from *Commonwealth* v. *Bailey*, 370 Mass. 388, 396 (1976), that the rule in this Commonwealth permitting the introduction of the details of fresh complaints in rape cases is not limited by another rule precluding details which go beyond or differ from the complainant's testimony in

court. The caution in that decision against the admission of "details [which] would operate unjustly — as by inciting a jury through a needless rehearsal of the particulars of a gruesome crime" (370 Mass. at 397) is addressed to the judge's discretion, which was not abused in this case. 2. When defence counsel objected to the admission of the hospital record on the ground that some parts of it were inadmissible under G. L. c. 233, § 79, the judge asked her to direct his attention to the parts to be excluded. The portion of the "Clinical Record" to which the judge's attention was directed was admissible in part as medical history; the judge offered to exclude the remainder, but defence counsel said she was not concerned with that part. It is unclear from the transcript that appellate rights were saved with respect to any other specific portion of the hospital record. The handwritten portion called "Incident Report" seems to have been objected to principally on grounds of illegibility; we have examined it carefully and have concluded that, while it might well have been excluded on properly framed objections, its admission would not require reversal, even on a properly saved exception, because the references relative to liability added nothing to the complainant's own testimony at trial. *Commonwealth* v. *Blow,* 370 Mass. 401, 404 (1976), citing *Commonwealth* v. *Izzo,* 359 Mass. 39, 43 (1971).

*Judgments affirmed.*

The case was submitted on briefs.
*Beth H. Saltzman* for the defendant.
*John J. Droney,* District Attorney, & *William L. Pardee,* Assistant District Attorney, for the Commonwealth.