COMMONWEALTH *vs.* JAMES E. FOLEY. December 8, 1981. The defendant appeals from his conviction on an indictment charging him with forcible natural and unnatural sexual intercourse (G. L. c. 265, § 22). We conclude that there was no reversible error.

1. In the presence of a pool of jurors, but prior to selection of a panel to hear the case, the victim began to cry openly. She was comforted by her parents and a police officer. The judge was not present at the time. The defendant moved for a continuance until a new pool could be selected on the grounds that the emotional outburst of the victim and resultant display of efforts to console and comfort her severely prejudiced him and "operated to infringe . . . [his] right to trial by a fair and impartial jury." We do not agree. See *United States* v. *Corbin*, 590 F.2d 398, 400 (1st Cir.

1978). Although the judge conferred with both counsel over what inquiries ought to be put to the jurors, he was not requested to ask any specific question concerning the victim's emotional outburst. The judge, purportedly acting under G. L. c. 234, § 28, as amended through St. 1975, c. 335, then conducted a voir dire of the individual jurors.

There was no error in the denial of a motion for a continuance. See *Commonwealth* v. *Bettencourt*, 361 Mass. 515, 517-518 (1972). "In considering a request for a continuance, a trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted." *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276 (1973). Prior to conducting the voir dire mentioned above, the judge indicated to the defendant that there was not "that large . . . a jury pool that we can send out for forty new jurors." In these circumstances we think that the judge acted within his discretion.

2. The defendant next complains that a chemist's certificate admitted in evidence pursuant to G. L. c. 147, § 4F, contained prejudicial hearsay apart from the actual chemical analysis. As the only question at trial was whether the victim consented to the various forms of intercourse, we find neither error nor prejudice. The admission of the report of analysis of certain items and swabs taken from various parts of the victim's body clearly falls within the purview of G. L. c. 147, § 4F. In any event, these test results were merely cumulative of other testimony, including that of the defendant, who testified that he had vaginal, anal and oral sex with the victim.

The inclusion of the terms "suspect," "victim" and "rape" in the certificate does not "require reversal" of the defendant's conviction. See *Commonwealth* v. *Cutter*, 9 Mass. App. Ct. 876 (1980). The situation is analogous to cases involving admission of hospital records under G. L. c. 233, § 79. See *Commonwealth* v. *Franks*, 359 Mass. 577, 579 (1971). These terms in the instant case added nothing to the victim's own testimony. See *Commonwealth* v. *Cutter, supra*. See also *Commonwealth* v. *Franks, supra* at 581. Moreover, as the Commonwealth points out in its brief, "[t]he jury, using its own individual and collective common sense, could easily have inferred that [victim's name omitted] was the 'victim' and James Foley was a 'suspect' without drawing any pejorative connotations from the labels attached to the parties in [the] laboratory report." They had heard testimony that the victim had been penetrated (by two men) at least seven times in various orifices and that the defendant had been arrested at the scene of the incident by the local police. See *Commonwealth* v. *Cutter, supra*. (It should be self evident, however, that the correct practice is for the Commonwealth to delete such potentially prejudicial terms.)

*Judgment affirmed.*

*Robert J. Barker, II*, for the defendant.
*John Gillen*, Assistant District Attorney, for the Commonwealth.