COMMONWEALTH *vs.* JOHN ASKINS. July 11, 1984. *Evidence,* Fresh complaint. *Practice, Criminal,* Argument by prosecutor, Instructions to jury. *Rape.*

The defendant appeals from his convictions on two counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B, and one count of statutory rape, G. L. c. 265, § 23. The victim was a seven year old girl left in the defendant's care by her working mother. The statutory rape conviction was based on an indictment charging forcible rape of a child under sixteen, G. L. c. 265, § 22A. At the close of the Commonwealth's case the judge allowed the Commonwealth's motion to dismiss so much of the indictment as alleged force or the threat thereof.

1. The defendant objected at trial to the Commonwealth's introduction of fresh complaint testimony prior to the testimony of the victim. On appeal, the defendant argues that the fresh complaint testimony should have been excluded because it was more specific and detailed than the victim's own account, particularly on the element of penetration. No claim is or could be

made that the jury were not warranted in finding penetration based on the victim's own testimony in court; and the fact that the fresh complaint contained details not included in the victim's in-court testimony was not a ground for exclusion. *Commonwealth* v. *Cutter,* 9 Mass. App. Ct. 876 (1980). The judge's instruction concerning the limited corroborative purpose for which fresh complaint testimony is received was not incorrect and he is not to be faulted for failing to make the instruction more explicit in the absence of a request by the defendant. Compare *Commonwealth* v. *Bailey,* 370 Mass. 388, 396 n.11 (1976). Any omission in that regard does not rise to the level of a miscarriage of justice within the meaning of *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967).

2. The prosecutor's closing argument, looked at in its entirety, although punctuated by a few "misdirected barrages" of the type discouraged in *Commonwealth* v. *Grammo,* 8 Mass. App. Ct. 447, 457-458 (1979), fell (taking curative instructions into account) within the bounds marked by such cases as *Commonwealth* v. *MacDonald* (*No. 1*), 368 Mass. 395, 400-402 (1975), *Commonwealth* v. *Borodine,* 371 Mass. 1, 9-12 (1976), cert. denied, 429 U.S. 1049 (1977), and *Commonwealth* v. *Burnett,* 371 Mass. 13, 18-19 (1976), and lacked the elements of unfairness or persistence exhibited in such cases as *Commonwealth* v. *Burke,* 373 Mass. 569, 574-575 (1977), *Commonwealth* v. *Shelley,* 374 Mass. 466, 469-471 (1978), *Commonwealth* v. *Smith,* 387 Mass. 900 (1983), and *Commonwealth* v. *Hogan,* 12 Mass. App. Ct. 646, 647-654 (1981). The prosecutor's reference to the "foreign accent" of a doctor who testified for the defendant, if intended as a racial slur (the judge expressly found otherwise), did not approach, in relevance or emphasis, the appeals to racial or religious bigotry which were held to be prejudicial error in *Commonwealth* v. *Graziano,* 368 Mass. 325, 331-333 (1975), and *Commonwealth* v. *Mahdi,* 388 Mass. 679, 691-693 (1983). The prosecutor's argument that the defendant might have been cured of gonorrhea between May 8 (the day of the mother's accusation) and May 18 (the day the defendant was tested negatively for gonorrhea) was, in general, a proper line of argumentation, even if the reason suggested for the defendant's having had himself tested in Palmer, rather than in Springfield, may have carried the process of inference-drawing to the verge of speculation. The reference to the superiority of Springfield hospitals, while not grounded in the evidence, was at least colorably within the sphere of common knowledge, compare *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 420 (1978), but was cured in any event by the judge's pointed instruction that counsel's arguments did not constitute evidence and by his admonition against speculation.

3. The defendant argues that the judge improperly foreclosed the jury from finding the defendant guilty of the lesser included offense of assault with intent to commit statutory rape, by defining "assault" as a "threatening gesture," of which, the defendant maintains, there was no evidence. See *Commonwealth* v. *Roosnell,* 143 Mass. 32, 40-42 (1886), holding that the

offense of assault with intent to commit statutory rape does not require a showing of force, threat, or lack of consent; *Commonwealth* v. *Burke,* 390 Mass. 480, 485 (1983). There was no objection to this portion of the charge, and, in the circumstances, there was no miscarriage of justice within *Commonwealth* v. *Freeman, supra.* The defense was that the incidents in question never occurred, compare *Commonwealth* v. *Appleby,* 389 Mass. 359, 379 (1983), and the defendant never sought an instruction with respect to the lesser included offense. Compare *Commonwealth* v. *Richmond,* 379 Mass. 557, 562 (1980) ("[a]n instruction concerning the lesser included offense should be given, *on request,* unless the evidence would not warrant a finding that the defendant was guilty of that offense" [emphasis supplied]). See also *Commonwealth* v. *Simon,* 6 Mass. App. Ct. 894, 895 (1978).

4. Much the same reasoning applies to the argument that the judge erred in failing to instruct the jury that lack of consent was an element of the several charges of indecent assault and battery of a person under fourteen. While the proposition was not expressly determined until *Commonwealth* v. *Burke,* 390 Mass. at 484-488, decided after the trial of the present case, the question was not so obscure as to excuse counsel's failure to raise it.[1] As matter of trial tactics, however, it is apparent that there was little point in doing so. The victim was barely seven years old at the time the acts were alleged to have occurred, and it seems highly improbable that the jury would have found that the victim gave a valid consent. Indeed, pressing the point would doubtless have been counterproductive to the defendant's position that the acts alleged never occurred at all. In these circumstances, the omission to charge on the element of lack of consent raises no likelihood of a miscarriage of justice.

5. In his instructions defining the concept of proof beyond a reasonable doubt, the judge stated that proof beyond a reasonable doubt does not require "proof beyond the possibility of innocence." While "[e]xplanation of 'reasonable doubt' . . . is usually best made in close reliance on the time-tested language of *Commonwealth* v. *Webster,* 5 Cush. 295, 320 [1850]," *Commonwealth* v. *Gerald,* 356 Mass. 386, 390 (1969), the language used here created far less risk of diluting the *Webster* charge than that used in such cases as *Commonwealth* v. *Gerald,* 356 Mass. at 389-390, *Commonwealth* v. *Fielding,* 371 Mass. 97, 116-117 (1976), and *Commonwealth* v.

---

[1] The point was probably implicit in *Commonwealth* v. *Eaton,* 2 Mass. App. Ct. 113 (1974), which held that a common law assault was a lesser included offense within G. L. c. 265, § 13B. The words "assault and battery" have a well understood common law signification, precluding, in the range of physically unharmful touchings, consensual acts. *Commonwealth* v. *Burke,* 390 Mass. at 481-482. Moreover, the insertion by the Legislature, in 1980, of the offense of indecent assault and battery on a person who has attained age fourteen (G. L. c. 265, § 13H, as appearing in St. 1980, c. 459, § 5), the offense being defined, except as to age of the victim, identically to § 13B (which was rewritten by the same statute to revise the penalty provisions, see St. 1980, c. 459, § 4), strongly implied that consent must be a material factor. See *Commonwealth* v. *Balthazar,* 366 Mass. 298, 302 (1974).

*Smith,* 381 Mass. 141, 143-146 (1980). Compare *Bumpus* v. *Gunter,* 635 F.2d 907, 911 (1st Cir. 1980), cert. denied, 450 U.S. 1003 (1981) (instruction that a "mere possibility of innocence" is not sufficient to prevent conviction was not improper). The remainder of the instructions communicated the essentials of the approved *Webster* charge. See *Commonwealth* v. *Fielding,* 371 Mass. at 116-117; *Commonwealth* v. *Smith,* 381 Mass. at 146.

*Judgments affirmed.*

*Maureen B. Brodoff* for the defendant.
*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.