## COMMONWEALTH *vs*. VAUGHN ADAMS.

Middlesex.  January 12, 1987. — February 20, 1987.

Present: BROWN, QUIRICO, & FINE, JJ.

*Rape. Indecent Assault and Battery. Evidence,* Fresh complaint.

At the trial of indictments charging sexual offenses, a statement by the nine
year old victim to a police officer was properly admitted in evidence
under the fresh complaint doctrine, notwithstanding a four-month delay
following the victim's first report to her mother, where the judge had
sufficient basis for ruling that the statement was reasonably prompt in
view of the victim's age, the defendant's close, long-standing relationship
to the family, and the fact that the victim was dependent upon her mother
to take her to the police. [535-536]

At the trial of indictments charging sexual offenses, there was no error in the
admission in evidence, under the fresh complaint doctrine, of a statement
by the nine year old victim containing certain graphic details not men-
tioned in her testimony on direct examination. [536-537]

INDICTMENTS found and returned in the Superior Court De-
partment on May 2, 1985.

The cases were tried before *Robert A. Barton,* J.

*Richard Zorza,* Committee for Public Counsel Services, for
the defendant.

*Ellis M. Enlow,* Assistant District Attorney, for the Com-
monwealth.

FINE, J.  The defendant was convicted after a jury trial on
indictments charging indecent assault and battery on a child
under fourteen years of age and rape of a child under sixteen.
The latter indictment had two counts, one alleging natural
intercourse and one alleging unnatural sexual intercourse; a
motion for a required finding of not guilty on the count charging
rape of a child by natural intercourse was allowed at the close
of the Commonwealth's case. The sole issue on appeal is the
propriety of the admission in evidence of a statement made by
the victim to a police officer as "fresh complaint."

The jury could have found the following facts. The defendant had lived and visited off and on with the victim and her mother for almost ten years. During that time, the victim called the defendant "daddy." Sexual assaults had occurred frequently during five of those years, from the time the victim was four years old until she was nine. The defendant told the victim not to tell anyone about the sexual assaults. While the victim was watching "Something About Amelia," a television film on the subject of father-daughter incest, the victim left the room, crying. She then, for the first time, informed her mother of the sexual assaults. Because the mother was afraid, she told the victim to tell the defendant that the reason she was upset was that she was sick. A few days later, the victim's mother asked the defendant to leave the house. She gave him a false reason for the request, saying nothing to him about the victim's allegations of sexual assault. After a few weeks, the defendant left. Four months or so later, the victim's mother took the victim to a police station, where she made the statements to the police officer.

The defendant objected at trial to the admission of the statements because of the four-month delay following the victim's first report to her mother and because the complaints made to the police officer included reference to penetration, not mentioned by the victim in her testimony on direct examination. The judge ruled that the victim's statement was reasonably prompt in light of her age and the fact that her mother, not she, was responsible for waiting four months before going to the police. Before the jurors heard the statements, and again during his final charge, the judge gave careful instructions that the testimony had corroborative effect only and that it was to be considered only if the jurors found the statement to have been reasonably prompt.

1. *The Four-month Delay.*

An out-of-court statement of a victim of a sex crime is admissible as fresh complaint if made reasonably promptly in light of the circumstances. See *Commonwealth* v. *King,* 387 Mass. 464, 473 (1982); *Commonwealth* v. *Gonsalves, ante* 184, 186 (1986). There is no specified time period beyond

which a complaint is no longer "fresh". *Commonwealth* v. *Bedard,* 6 Mass. App. Ct. 959 (1978). In cases of sexual abuse involving children, courts have applied the fresh complaint doctrine flexibly. See *Commonwealth* v. *Wilson,* 12 Mass. App. Ct. 942, 942-943 (1981); *Commonwealth* v. *Brenner,* 18 Mass. App. Ct. 930, 931-932 (1984). The judge has discretion to determine in each case, based upon the particular circumstances, whether a victim's statement is reasonably prompt. There was a sufficient basis in the evidence in this case for the judge's ruling, even considering the defendant's absence from the home during the four-month period.[1] The nine year old child was dependent upon her mother for getting to the police. The defendant, who had a long-standing relationship with the family and had assumed something of a paternal role towards the child, had warned her not to tell anyone. Her mother sought initially to conceal the facts. By doing so, she communicated her fear to the child and inhibited the child from discussing the allegations.

   2.  *Graphic Details.*

   In her statement to the police officer, the victim had described penetration and ejaculation, both details not specifically included in her direct testimony. A fresh complaint witness can testify to details of the complaint, see *Commonwealth* v. *Bailey,* 370 Mass. 388, 392, 396-397 (1976), including details outside the victim's in-court testimony, see *Commonwealth* v. *Askins,* 18 Mass. App. Ct. 927, 928 (1984), unless the details are unnecessarily graphic or gruesome, see *Commonwealth* v. *Bailey,* 370 Mass. at 397. The defendant claims that the officer's testimony about penetration and ejaculation were unnecessarily graphic.

   The officer's testimony about penetration was brief. The victim's direct trial testimony was such that the fact of penetration was at least suggested. Defense counsel introduced the first express reference to penetration during cross-examination of the victim. Moreover, penetration was not a contested factual

---

[1] The testimony indicated that the defendant continued to have access to the home and that he returned once during the four-month period when nobody was home and left a note.

question, the issue having been resolved in the defendant's favor by the allowance of the motion for a required finding of not guilty on the indictment charging natural sexual intercourse. The judge did not err in allowing the officer to refer to the victim's statement about penetration.

With regard to ejaculation, the child told the officer "that whitish-yellow stuff would come out of [the penis]." Defense counsel made no specific reference to that portion of the testimony when objecting at trial to the admission of the whole statement. We disagree with the defendant's contention on appeal that the testimony, because "arguably nauseating," was unduly prejudicial. The entire case necessarily included details which would be distasteful to people of ordinary sensibilities; that ejaculation might occur in the course of the acts the child testified to is neither surprising nor, by itself, sensational. Indeed, the defendant attempted to use to his advantage the discrepancies between the victim's testimony at trial and her statements on other occasions. In light of the substance and brevity of the testimony, the absence of a specific objection to the victim's description of ejaculation, and the judge's repeated, forceful and correct instructions about the limits of fresh complaint testimony, we see no error in the admission of the police officer's testimony.

*Judgments affirmed.*