COMMONWEALTH vs. MICHAEL F. KERR.

No. 93-P-360.

Suffolk. March 10, 1994. - May 19, 1994.

Present: WARNER, C.J., FINE, & PORADA, JJ.

*Rape. Evidence*, Fresh complaint.

At the trial of a rape indictment, fresh complaint testimony that set forth
   details beyond the direct testimony of the victim, which materially
   strengthened the Commonwealth's case and related directly to proof of
   the elements of the crime of rape, was outside the permissible scope of
   fresh complaint testimony and was unduly prejudicial to the defendant;
   a new trial was required. [507-508]

INDICTMENT found and returned in the Superior Court De-
partment on July 9, 1991.

The case was tried before *James D. McDaniel, Jr.*, J.

*Benjamin H. Keehn*, Committee for Public Counsel Ser-
vices, for the defendant.

*David C. Megan* for the Commonwealth.

PORADA, J. The defendant was convicted by a jury in the
Superior Court of rape. On appeal, he claims that a portion
of the fresh complaint testimony of a police officer was erro-
neously admitted and unduly prejudicial to him. We agree
and reverse.

There was no dispute that the complainant and the defend-
ant engaged in sexual intercourse in the course of a prear-
ranged date. The issue at trial was whether the intercourse
was consensual.

The complainant testified as follows. She voluntarily ac-
companied the defendant to a bedroom in the basement of
his mother's apartment. There the defendant showed her
some photographs and began to make advances that she re-
sisted. A struggle ensued during which the defendant told

her that his name was not Michael, but Tony Johnson. The struggle continued and ended in the defendant pinning the complainant down on the bed and having intercourse with her without her consent. The complainant admitted that she heard voices in the apartment upstairs during this incident, but that she did not cry out or scream because she was frightened. She explained that her fear was based on the way the defendant attacked her and his claim that he was someone else.

A Boston police detective testified to the complaint of rape made by the complainant on the night in question. The details of that complaint matched the victim's account of the incident on the stand except in the two instances that form the subject of this appeal. In the first instance, the detective testified, without objection, that the defendant "explained to [the complainant] that he hadn't had sex in three weeks and that it was really important that he [have] sex with her." In the second instance, the detective testified that the complainant told her that when the defendant began to make unwelcome advances to her, she asked him if she could take her coat off. He replied, "Okay, you can take your coat off because I'm going to have to bust you anyway[ ]." Defense counsel objected to this testimony, and the trial judge overruled the objection. The police officer then testified that she asked the complainant what she thought the defendant meant by that comment. The complainant replied "that maybe she thought that — that she was about to get shot so she stood up and removed her coat . . . ." Defense counsel did not object to this statement.[1]

---

[1] The Commonwealth argues that since the defendant did not object to portions of the detective's testimony which he now challenges on appeal the standard of review must be whether there was a substantial risk of a miscarriage of justice. The defendant, however, contends that his objection to this testimony was sufficiently presented, because he had made repeated objections during the fresh complaint witness's testimony on the ground that the testimony went beyond the scope of permissible fresh complaint testimony. All of these objections were overruled by the judge, who admonished counsel that all the details of the fresh complaint were admissible. We need not decide the issue because the result we reach would be the

In assessing the scope of details to which a fresh complaint witness may testify, the fresh complaint testimony need not match exactly the testimony of the complaining witness. *Commonwealth* v. *Scanlon,* 412 Mass. 664, 670 (1992). As the Supreme Judicial Court pointed out in the *Scanlon* case, "[s]uch a rule would undermine the purpose of allowing a witness to testify as to the details of a victim's complaint, which is to let the jurors draw their own conclusions regarding whether the fresh complaint evidence corroborates the victim's testimony. *Ibid.* It is only "where a witness testifies regarding details of an event that the witness has not testified to more generally" that the evidence is inadmissible. *Ibid.* See also *Commonwealth* v. *Flebotte,* 417 Mass. 348, 351 (1994).

Here, the defendant contends that those two portions of the police detective's fresh complaint testimony fill in gaps in the prosecution's case in that the first refers to the motive for the crime and the second refers to an element of the crime, the use of force or threat of bodily injury. We are not persuaded that the first exceeds the permissible scope of fresh complaint. The Commonwealth need not establish motive for the crime of rape. The testimony provides only a minor deviation from the complainant's testimony and does not fill in any gaps in the Commonwealth's case. *Commonwealth* v. *Coleman,* 30 Mass. App. Ct. 229, 236 (1991). *Commonwealth* v. *Tingley,* 32 Mass. App. Ct. 706, 710 (1992).

The second portion is the more worrisome. There is no question that the complainant testified that the defendant used physical force upon her to accomplish the act of intercourse and that she was in fear of the defendant because of his claim that he was someone else and because of his advances to her, but at no time did she testify that the defendant said he was going to "bust [her] anyway[ ]" or that she thought he was going to shoot her. Since this testimony might have explained why the complainant failed to scream or cry out during the incident even though she heard voices

same even if we were to conclude that the substantial risk of a miscarriage of justice standard applied.

in the apartment directly above the bedroom, it materially strengthened the Commonwealth's case. Compare *Commonwealth* v. *LeFave*, 407 Mass. 927, 940-941 (1990); *Commonwealth* v. *Caracino*, 33 Mass. App. Ct. 787, 791-792 (1993). In addition, it related directly to proof of the elements of the crime of rape, "sexual intercourse with another compelled by force and against the victim's will or compelled by threat of bodily injury," *Commonwealth* v. *Sherry*, 386 Mass. 682, 687 (1982). As a result, we deem it outside the permissible scope of fresh complaint testimony and unduly prejudicial, requiring a reversal of the defendant's conviction. Compare *Commonwealth* v. *Scanlon*, 412 Mass. at 671-672.

*Judgment reversed.*