The defendant was indicted on three counts of rape of a child, in violation of G. L. c. 265, § 23. His first trial ended in a mistrial. The defendant was retried in August, 2014, before a different trial judge and a second jury, which convicted him of all three counts. We affirm.
1. Uncharged conduct. For the first time on appeal, the defendant argues that testimony about uncharged conduct overwhelmed the trial and that the resulting prejudice requires reversal.[2] We review the trial judge's decision to permit testimony concerning prior bad acts for abuse of discretion, Commonwealth v. Barbosa, 457 Mass. 773, 794 (2010), keeping in mind that the trial judge has considerable discretion to determine whether such evidence has probative value and, if so, whether the probative value outweighs the risk of undue prejudice to the defendant, Commonwealth v. Dwyer, 448 Mass. 122, 129 (2006). "[A] judge's discretionary decision constitutes an abuse of discretion where [an appellate court] conclude[s] the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (citations omitted).
On this record, we discern no such abuse. The testimony regarding the defendant's "grooming" behavior certainly had probative value. It had a strong logical connection to the charged conduct and was relevant to show the defendant's escalating sexual and grooming behavior against the victim leading up to the charged rapes. See Commonwealth v. Calcagno, 31 Mass. App. Ct. 25, 27-28 (1991). The conduct also set forth a fuller picture of the relationship between the defendant and the victim. See Commonwealth v. Robidoux, 450 Mass. 144, 159 (2007) (prior conduct with victim admissible "to paint a picture of the events preceding [the victim's] death").
Even were we to assume for the sake of argument that the judge erred in not excluding or limiting the prior bad act evidence sua sponte, we discern no substantial risk of a miscarriage of justice. See Commonwealth v. Azar, 435 Mass. 675, 687 (2002). The Commonwealth's case was strong, including not only the victim's detailed testimony of the rapes, but also corroboration of the relationship by many other witnesses, a reasonable inference that the defendant admitted to one relative that he had an improper relationship with the victim, and evidence of consciousness of guilt in his attempt to convince his wife that he was the victim of the victim's sexual overtures. Moreover, the prosecutor did not dwell on the prior bad act evidence during the closing argument or use the detailed testimony of the uncharged conduct to argue that the charged conduct was credible. Contrast Dwyer, 448 Mass. at 129. Instead, the prosecutor referenced the prior bad acts only briefly and in a summary fashion. Defense counsel did not object to the testimony even though she knew, from the first trial and the motion in limine, the volume and detail of the prior bad act testimony. See Commonwealth v. Fay, 467 Mass. 574, 583 n.9 (2014) (where trial counsel is on full notice of legal issue, failure to raise it during trial will be factor in finding no substantial risk of miscarriage of justice). Finally, the trial judge gave a proper limiting instruction during the victim's testimony. The trial judge repeated this limiting instruction during the jury charge. See Barbosa, 457 Mass. at 794-797.
2. The victim's use of the terms "rape" and "raped." The defendant next argues that he was unfairly prejudiced by the victim's use of "rape" or "raped" six times during her testimony, which lasted for two days. The defense objected the first time that the word was used, and the trial judge immediately provided a curative instruction, informing the jury that the determination whether a rape occurred was ultimately their decision. In these circumstances, we discern no prejudicial error. See Commonwealth v. Griffin, 475 Mass. 848, 859-860 (2016) ; Commonwealth v. Foley, 12 Mass. App. Ct. 983, 984 (1981) ; Commonwealth v. Coleman, 30 Mass. App. Ct. 229, 237 (1991).
3. Uncle Terrence. The defendant also argues that he was prejudiced by the prosecutor's occasional use of the phrase "Uncle Terrence" in reference to the defendant. Prior to trial, the defendant moved to have the prosecutor refrain from using "Uncle Terrence," and the trial judge allowed the motion; however, the prosecutor referred to the defendant as "Uncle Terrence" several times during the trial.
This was not prejudicial error. Referring to the defendant in this manner on a few isolated occasions was not suggestive of bad character or criminality; instead, when read in context, it simply mirrored the fact that the victim referred to the defendant as "Uncle Terrence." Contrast Commonwealth v. Carter, 423 Mass. 506, 514 (1996) (reference to defendant by his alias, "Kilo," directly referenced his association with drug trafficking and was thus unduly prejudicial).
4. First complaint witness. The defendant further argues that the trial judge erred in allowing the victim's husband to testify as the first complaint witness without conducting a voir dire to determine whether, as set forth in police reports, the victim first disclosed the sexual abuse to two other relatives. We review the trial judge's decision not to conduct a voir dire before admitting first complaint evidence for abuse of discretion. Commonwealth v. Murungu, 450 Mass. 441, 446 (2008). See Commonwealth v. Santos, 465 Mass. 689, 700 (2013) ; Commonwealth v. Lewis, 91 Mass. App. Ct. 651, 657 (2017).
Where there is contradictory evidence as to the identity of the first complaint witness, the judge normally should conduct a voir dire before making a determination. Commonwealth v. Stuckich, 450 Mass. 449, 455 (2008). Even assuming (based on police reports) that there was a meaningful dispute as to the identity of the first complaint witness, the trial judge did not abuse her discretion by not conducting a voir dire in the circumstances of this case because the judge had the benefit of the record from the first trial. The judge was able to make the determination on the basis of the testimony, taken during the first trial, of the victim, her husband (the first complaint witness), and one of the potential first complaint witnesses[3] (who testified at the first trial that she was informed of the allegations only after the victim told her husband).
5. Motion for a mistrial. The defendant additionally argues that the trial judge abused her discretion in failing to declare a mistrial after the victim, in response to defense counsel's repeated questions about why she needed money on the day of the rapes, responded that counsel should ask the defendant when he testified. We review a trial judge's order denying a motion for a mistrial for abuse of discretion, Commonwealth v. Saunders, 75 Mass. App. Ct. 505, 510 (2009), and discern none.
The judge gave an extensive curative instruction to the jury immediately after the comment; she again repeated that instruction in her final charge to the jury. See Commonwealth v. Bryant, 447 Mass. 494, 503 (2006). Moreover, it was not unreasonable to conclude that a mistrial was unnecessary because the victim's statement did not have the prejudicial impact that a similar statement may have had if it had been made by the prosecutor or the judge. Contrast Commonwealth v. Goulet, 374 Mass. 404, 410-414 (1978) (judge); Commonwealth v. Smith, 387 Mass. 900, 908-909 (1983) (prosecutor). Instead, the trial judge reasonably concluded that a strong curative instruction was sufficient in this context.
6. Closing argument. The defendant also contends that the prosecutor's misstatements during closing argument warrant reversal. Because the defendant did not object at trial, we review any errors in the closing argument to determine whether they created a substantial risk of a miscarriage of justice. Commonwealth v. Dirgo, 474 Mass. 1012, 1016 (2016).
First, the defendant argues it was error for the prosecutor to state that the victim and the other witnesses had "no motive to lie." We disagree. Defense counsel, in her closing argument, repeatedly had questioned the credibility of these witnesses. In such a situation, the prosecutor properly may ask the jury to consider whether these witnesses had a motive to lie. Commonwealth v. Polk, 462 Mass. 23, 39-40 (2012). In doing so, the prosecutor did not draw on her personal belief to suggest the witnesses could be credited; instead, she pointed to reasonable inferences that the jury could draw from the evidence. See Commonwealth v. Penn, 472 Mass. 610, 627 (2015) ; Commonwealth v. Mitchell, 89 Mass. App. Ct. 13, 28 (2016).
Second, the defendant argues that the prosecutor improperly appealed to the jury's emotions by referencing the age of the victim. We disagree. The victim's age was relevant to the charge of statutory rape. Contrast Commonwealth v. Santiago, 425 Mass. 491, 495 (1997), S.C., 427 Mass. 298, and 428 Mass. 39, cert. denied, 525 U.S. 1003 (1998) (prosecutor's reference to victim's personal characteristics improper where characteristics not relevant to any material issue).[4]
We agree, however, with the defendant that the prosecutor's statement, suggesting it was the jury's "job" to find the defendant guilty, was improper. In particular, the prosecutor stated: "[j]urors, it is now your turn to speak. The word 'verdict' literally means to speak the truth. It is your job now, speak your verdict. Find him guilty." Imploring the jury to "do their 'job' " was improper. Commonwealth v. Degro, 432 Mass. 319, 329 (2000).
Nevertheless, the error did not create a substantial risk of a miscarriage of justice. To begin, the trial judge instructed the jury, after the prosecutor's closing argument, that the closing argument was neither evidence nor a substitute for evidence. The judge also took care to emphasize repeatedly to the jury that only admitted evidence could be considered. Furthermore, in the context of the strength of the evidence of the defendant's guilt, it is unlikely that this improper remark changed the outcome of the trial.
7. Ineffective assistance of counsel. Finally, the defendant argues that he was denied effective assistance of counsel because defense counsel failed to adequately prepare for trial, failed to object to the prosecutor's improper closing argument, and failed to object to the prior bad act evidence.
Because the defendant's claim of ineffective assistance is made on the basis of the trial record alone, without any affidavit of defense counsel setting forth her strategy, this challenge is in its "weakest form." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). See Commonwealth. v. McCormick, 48 Mass. App. Ct. 106, 107 (1999). In such circumstances, the "factual basis of the claim [must appear] indisputably on the trial record." Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994). Here, the record does not support the defendant's claim indisputably.
To begin, as we set forth supra, the error in the prosecutor's closing argument did not create a substantial risk of a miscarriage of justice. As such, it was not unreasonable for defense counsel to fail to object. See Commonwealth v. Johnson, 374 Mass. 453, 465 (1978). Moreover, in the absence of an affidavit from defense counsel, we cannot conclude that her decision to impeach the victim with the prior bad act evidence (rather than to seek to exclude it) was anything other than a "tactical ... judgment[ ] ... which [is] virtually unchallengeable."[5] McCormick, 48 Mass. App. Ct. at 108 (quotations omitted). Finally, defense counsel represented at trial that she had spent considerable time preparing. On this record, it appears that defense counsel was "sufficiently effective to render the trial fair, even if not perfect, and that is all that can be asked." Commonwealth v. Bonnett, 472 Mass. 827, 843 (2015).
Judgments affirmed.

The defendant opposed the Commonwealth's motion in limine to introduce the prior bad act evidence on different grounds than the one he presses on appeal. See Commonwealth v. Whelton, 428 Mass. 24, 25 (1998).

The other candidate for first complaint witness was not on the witness list and was not otherwise available.

The defendant also argues that the prosecutor misstated evidence, including by: (1) referring to testimony from the defendant's wife, which was not stricken; (2) characterizing the defendant's wife's incredulousness when the defendant alleged that the victim made sexual advances; and (3) characterizing the defendant's statement to his cousin as an admission. Having reviewed the prosecutor's argument and the evidence in question, we discern no error.

We do not determine how such a claim might fare on a motion for a new trial where the record of defense counsel's decision-making would presumably be more fulsome.