COMMONWEALTH *vs.* MICHAEL J. WALLNER. June 2, 1978. 1. The judge did not err in allowing Police Captain McCarthy to testify concerning the victim's oral complaint that she had been raped, as there can be no doubt that this testimony was admissible under the doctrine of fresh complaint. *Commonwealth* v. *Bailey*, 370 Mass. 388, 391-397 (1976). See *Commonwealth* v. *Lund*, 5 Mass. App. Ct. 884 (1977). 2. The defendant asserts that it was reversible error to admit in evidence the victim's written statement. We cannot agree. The holding in *Commonwealth* v. *Izzo*, 359 Mass. 39, 43 (1971), is controlling in these circumstances. Because Captain McCarthy had already testified as to the contents of the written statement, it was not prejudicial to admit it as it was cumulative and merely a reiteration of his live testimony and a summary of that of the victim. See *Commonwealth* v. *Howard*, 355 Mass. 526, 530 (1969). See also *Commonwealth* v. *Mannos*, 311 Mass. 94, 115 (1942). 3. There is ample support in the record for the judge's conclusion that the defendant "knowingly and intelligently waived" his privilege against self-incrimination and his right to the assistance of counsel, and his finding that the defendant's "statement was freely and voluntarily given" is fully warranted by the evidence. See *Commonwealth* v. *Borodine*, 371 Mass. 1, 6 (1976), and cases cited, cert. denied, 429 U.S. 1049 (1977). Although there was conflicting testimony as to when the defendant asked for an attorney (compare *Commonwealth* v. *Murray*, 359 Mass. 541, 545-546 [1971]), "[w]e accept, as we must, the trial judge's resolution of conflicting testimony and we do not disturb his subsidiary findings if warranted by the evidence." *Commonwealth* v. *Sires*, 370 Mass. 541, 544 n.1 (1976). *Commonwealth* v. *Cruz*, 373 Mass. 676, 682 n.2 (1977), and cases cited. We have examined the totality of the circumstances, including the conduct of the defendant and the location and the details of the interrogation, and "[w]e reach the same ultimate conclusions based on the judge's resolu-

tion of the conflicting testimony concerning the subsidiary facts." *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978). Thus, we conclude that the judge's finding that the Commonwealth had sustained its burden of showing a constitutionally permissible waiver was fully warranted. See *Commonwealth* v. *Sires*, 370 Mass. at 544 n.2. But see Brown, Gross & Ryan, Future Judicial Oversight of the Conduct of Custodial Interrogations: A Growing Massachusetts Responsibility, 62 Mass. L.Q. 143, 146 (1977). 4. As the issue raised by the defendant's remaining assignment of error is devoid of merit, no discussion of it is necessary.

*Judgments affirmed.*

*Edward P. Smith (Sebastian J. Ruggeri* with him) for the defendant.
*Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth.