COMMONWEALTH *vs.* DAVID W. TUCCERI. February 7, 1980. 1. The judge did not err in denying the defendant's motion to suppress the in- and out-of-court identifications by the victim and the witness Hill, both because the out-of-court confrontations (the victim and Hill were brought to the scene of the crime ten to fifteen minutes after its occurrence to view the defendant, who had been arrested by the police on the basis of the victim's description) were of a constitutionally permissible type (compare *Commonwealth* v. *Barnett*, 371 Mass. 87, 91-93 [1976], cert denied, 429 U.S. 1049 [1977]; *Commonwealth* v. *Alves*, 6 Mass. App. Ct. 572, 581-582 [1978]) and because the judge's findings, well grounded in the evidence, show that the identifications of each were attended by a high degree of reliability (see *Commonwealth* v. *Gordon*, 6 Mass. App. Ct. 230, 235-236 [1978]; compare *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 305-306 [1979], and cases cited). 2. The judge did not abuse the discretion reposed in him (see *Commonwealth* v. *Bailey*, 370 Mass. 388, 397 [1976]) in impliedly ruling that the fresh complaint testimony offered by the Commonwealth was not needlessly and unjustly prejudicial to the de-

fendant. 3. The evidence warranted a finding that the victim suffered "serious or permanent physical injury" (G. L. c. 265, § 14) to her right eye as a result of the defendant's repeatedly rubbing handfuls of dirt into her eyes and striking the right side of her face in the area of the eye with his fist. It was not error to deny the defendant's motion for a directed verdict on the indictment for mayhem; the specific intent to maim or disfigure which is an element of the offense (see *Commonwealth* v. *Hogan*, 7 Mass. App. Ct. 236, 244, *S.C.*, 379 Mass. 190, 192-193 [1979]) was inferable from the sustained nature of the assault on the eyes; and, as applied to so delicate an organ as an eye, dirt can be found to be a dangerous substance within the meaning of the statute. 4. There is no merit to the defendant's contentions concerning the judge's charge to the jury on the mayhem indictment.

*Judgments affirmed.*

*Ralph F. Champa* for the defendant.
*Robert M. Raciti*, Assistant District Attorney, for the Commonwealth.