COMMONWEALTH *vs.* KENNETH P. MURRAY. January 20, 1984. *Evidence*, Fresh complaint, Admission by silence.

The appeal is from a conviction of rape. Virtually every aspect of the victim's testimony (including that concerned with the actual intercourse) was corroborated by the live testimony of percipient witnesses which was admitted for its truth. In addition, there was evidence from which the jury could have found that the defendant had dropped from sight immediately following the rape and had not been arrested until some four months thereafter. A report from the State police crime laboratory recited a criminologist's opinion that a sample of "dark brown pubic hair [taken from the victim] is consistent in color and microscopic appearance with the dark brown colored human pubic hairs found on" a pair of undershorts which the police seized in the defendant's apartment on the day of the rape. The defendant, who had an extensive criminal record, was caught on cross examination on at least one bit of his testimony which, the jury could have found on the basis of subsequent evidence, was an outright lie. 1. The defendant's first argument is directed to the ruling by which a State trooper was permitted to read to the jury an account of a fresh complaint by the victim which had been prepared by the trooper but which had not been signed by the victim. Contrast *Commonwealth v. Izzo*, 359 Mass. 39, 43 (1971); *Commonwealth v. Wallner*, 6 Mass. App. Ct. 886, 886 (1978). The prosecution had failed to establish any of the evidentiary prerequisites to the reading of the account. See *Commonwealth v. Pickles*, 364 Mass. 395, 401-402 (1973); *Commonwealth v. Bookman*, 386 Mass.

657, 662-664 (1982). No question was raised as to whether parts of the account should have been excluded as inflammatory or because more detailed and explicit than the testimony of the victim. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 396, 397 (1976); *Commonwealth* v. *Tucceri*, 9 Mass. App. Ct. 844, 844-845 (1980); *Commonwealth* v. *Cutter*, 9 Mass. App. Ct. 876, 876-877 (1980); *Commonwealth* v. *McCarthy*, 12 Mass. App. Ct. 722, 727-728 (1981). The judge, before he permitted the account to be read, gave the jury proper limiting instructions as to the only purpose for which a fresh complaint can be considered, and those instructions were echoed in the charge. In all the circumstances we are not persuaded that any error in allowing the trooper to read the account requires a new trial. 2. No question of silence on the part of the defendant during the course of any pretrial interrogation, whether prearrest (see *Commonwealth* v. *Sazama*, 339 Mass. 154, 155-157 [1959]; *Commonwealth* v. *Burke*, 339 Mass. 529, 531-533 [1959]) or postarrest (see *Commonwealth* v. *Mahdi*, 388 Mass. 679, 694-696 [1983]), was implicated by the line of questioning which the prosecutor explored with the defendant as to whether he had known that the investigating officer wanted to question him and as to whether the defendant had been in touch with the officer. The prosecutor made nothing of the testimony in his closing argument, nor did the judge make any reference to it in his charge. Contrast *Commonwealth* v. *Nickerson*, 386 Mass. 54, 59-63 (1982); *Commonwealth* v. *Aparicio*, 14 Mass. App. Ct. 993 (1982). As the defendant concedes, there was no timely objection to any part of the line. In view of the overwhelming evidence against the defendant, we are satisfied that any error in any of the respects now complained of was harmless beyond a reasonable doubt.

*Judgment affirmed.*

*Brownlow M. Speer* for the defendant.

*William F. George*, Assistant District Attorney, for the Commonwealth.