Considered in the light most favorable to the Commonwealth, the jury could have found the following facts beyond a reasonable doubt. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). On the night in question, the victim, Steven Anderson, stole the defendant’s gold necklace and ran away. The defendant gave chase. He asked Anderson to give back the necklace, but Anderson attacked him. The defendant fought back. He hit Anderson with his closed hands and kicked him in the head more than once for at least five minutes.
When the police arrived at the scene, the defendant was straddling Anderson, who was unconscious and bleeding from his face. The defendant *832 was also shaking and yelling at Anderson, whose blood was on his shoes, pant legs, and his right hand. Due to the considerable force of the blows, Anderson sustained a fracture to the bone around one of his eyes. His eye was set back three millimeters into its socket, and he experienced double vision.
Daniel W. Rice for the defendant.
Alison M. Takacs, Assistant District Attorney, for the Commonwealth.
Mayhem requires proof of specific intent to maim or disfigure another person. Commonwealth v. Hogan, 7 Mass. App. Ct. 236, 244, S.C., 379 Mass. 190 (1979). Specific intent may be inferred from the nature of the injuries as well as evidence that “the injuries arose from a sustained or atrocious attack.” Commonwealth v. Cleary, 41 Mass. App. Ct. 214, 217 (1996) (a single blow with an ax handle was insufficient to infer intent). See and compare Commonwealth v. Farrell, 322 Mass. 606, 618-619 (1948) (victim repeatedly slashed with a razor, and the defendant’s initials burned into her skin); Commonwealth v. Tucceri, 9 Mass. App. Ct. 844, 845 (1980) (victim’s face struck, and handfuls of dirt rubbed into her eyes); Commonwealth v. Hamm, 19 Mass. App. Ct. 72, 80 (1984) (victim “stomped” in the head and face); Commonwealth v. Mercado, 24 Mass. App. Ct. 391, 393-395 (1987) (repeated beating with a baseball bat); Commonwealth v. Lazarevich, 28 Mass. App. Ct. 147, 154-155 (1989) (abusive treatment over time).
Here, the evidence, in the light most favorable to the Commonwealth, was sufficient to establish the defendant’s guilt. The jury could infer the defendant’s intent to maim from his prolonged attack and the nature of Anderson’s eye injuries. See, e.g., Commonwealth v. Hamm, supra; Commonwealth v. Mercado, supra; Commonwealth v. Lazarovich, supra. Compare Commonwealth v. Cleary, supra (where the defendant struck a single blow to the victim in anger “on the spur of the moment”).

Judgment affirmed.