COMMONWEALTH vs. MOSES DREW.

No. 05-P-876.

Bristol. March 21, 2006. - September 5, 2006.

Present: RAPOZA, KANTROWITZ, & GREEN, JJ.

*Mayhem. Intent. Evidence,* Intent. *Assault and Battery by Means of a Dangerous Weapon. Practice, Criminal,* Duplicative convictions.

At the trial of an indictment charging mayhem, the evidence supported a reasonable inference that the defendant had a specific intent to maim or disfigure the victim at the time the defendant assaulted and battered him. [262-264]

The criminal defendant's conviction of assault and battery by means of a dangerous weapon, a baseball bat, was not duplicative of his conviction of mayhem, where there was a break between the initial assault and battery on the victim with the bat and a later attack involving a space heater; on the other hand, the defendant's conviction of assault and battery by means of a dangerous weapon, the space heater, was duplicative of his conviction of mayhem. [264-265]

INDICTMENTS found and returned in the Superior Court Department on February 12, 2003, and May 14, 2003.

The cases were heard by *E. Susan Garsh,* J.

*Kenneth I. Seiger* for the defendant.

*David B. Mark,* Assistant District Attorney, for the Commonwealth.

RAPOZA, J. The defendant argues that the judge at his jury-waived trial erred when she denied his motion for a required finding of not guilty on a charge of mayhem, claiming that the evidence was insufficient to prove a specific intent to maim or disfigure the victim. The defendant also asserts, for the first time on appeal, that his convictions of assault and battery by means of

a dangerous weapon on the same victim were duplicative of the mayhem conviction.[1]

*Specific intent to maim or disfigure.* The defendant was convicted under the second branch of the mayhem statute, G. L. c. 265, § 14, which applies to "whoever, with intent to maim or disfigure, assaults another person with a dangerous weapon, substance or chemical, and by such assault disfigures, cripples or inflicts serious or permanent physical injury upon such person." It is not disputed that the injuries in question were of the type contemplated by the statute, in that the defendant brought the victim's face in contact with the hot surface of a space heater, burning his skin to the point that one witness described it as "dripping from his face . . . [with] ·blood everywhere." The resulting injury required treatment for several weeks at Shriners Hospital in Boston, followed by additional outpatient care.

The issue pressed by the defendant is whether the Commonwealth proved beyond a reasonable doubt that he had a specific intent to maim or disfigure the victim at the time that he assaulted and battered him. See *Commonwealth* v. *Hogan,* 7 Mass. App. Ct. 236, 244, *S.C.,* 379 Mass. 190 (1979). In the circumstances, we conclude that the evidence of such intent was ample and that the judge properly denied the defendant's motion for a required finding of not guilty.

Considered in the light most favorable to the Commonwealth, the facts are these: the defendant and two confederates sought out the victim, who was socializing with friends in a small cabin in Dartmouth that was located behind the family home of one of the friends. The defendant was angry that the victim had been dating the defendant's former girlfriend, prompting him to arrive with armed allies ready to settle the score. They forced open the cabin door and the defendant, wielding a baseball bat, struck the victim three times in rapid succession, with the third blow knocking him unconscious. The victim collapsed to the

---

[1]Because the defendant makes no argument on appeal regarding the judgment of conviction of breaking and entering in the nighttime with the intent to commit a felony, that judgment is affirmed. For the same reason, the judgment of assault and battery committed on the victim's friend by means of a dangerous weapon is affirmed.

floor with his head near a space heater that was in operation.[2]

Having felled the victim, the defendant turned to the victim's friend, who was sitting on a couch, and struck him twice with the bat. One of the other intruders held the friend down, stating, "You better stay still, that's the best thing for you." The defendant then returned to the unconscious victim lying on the floor and started beating him anew with the bat, administering fifteen to twenty blows, which consisted of overhand swings as well as pokes and jabs.

With each blow, the victim's head moved closer to the space heater. Nonetheless, the assault continued. Eventually, the defendant had beaten the prostrate victim to the point that his face was, as described by one witness, "[r]ight up against the heater." At that point the victim's friend smelled something "nasty," like burnt hair or skin. The defendant announced, "This is what happen[s] when you mess around with Moses. Don't mess with my bitch." Although the victim's face was now being burned by the space heater, the defendant left him in that posture and proceeded to leave the cabin, kicking the victim as he walked toward the door.

The circumstances of the brutal attack support a reasonable inference that the defendant had a specific intent to maim or disfigure the victim. "Specific intent may be inferred from the nature of the injuries as well as evidence that 'the injuries arose from a sustained or atrocious attack.' " *Commonwealth* v. *Sparks*, 42 Mass. App. Ct. 915, 916 (1997), quoting from *Commonwealth* v. *Cleary*, 41 Mass. App. Ct. 214, 217 (1996). "The mental state required for conviction of mayhem . . . is satisfied by direct or inferential proof that the assault was intentional, unjustified, and made with the reasonable appreciation on the assailant's part that a disabling or disfiguring injury would result." *Commonwealth* v. *Lazarovich*, 28 Mass. App. Ct. 147, 154 (1989), quoting from *Commonwealth* v. *Davis*, 10 Mass. App. Ct. 190, 196 (1980). The evidence presented at trial satisfied all of these criteria.

Not only was the assault with the bat both intentional and

---

[2]It was a cold night in December, and according to one witness, the heater was so hot that drops of water coming in contact with it would evaporate immediately with a distinct sound.

unjustified, but also it can be inferred that it was accomplished with "reasonable appreciation . . . that a disabling or disfiguring injury would result," *ibid.*, especially considering that the victim was unconscious and unable to resist. See *Commonwealth v. Mercado*, 24 Mass. App. Ct. 391, 395, 398 (1987) (an intent to maim or disfigure readily could be inferred where a baseball bat was used to assault a victim who already had been "beaten senseless"). In circumstances involving a victim who was already completely disabled, it could be inferred that the blows were administered simply for the purpose of inflicting serious injury.

Moreover, as the beating progressed, the defendant reasonably could have appreciated that the blows and jabs that he was inflicting were causing his unconscious victim's head to move ever closer to the space heater. Indeed, the attack continued until the victim's head actually reached the space heater and the skin of his face was burned. The defendant then left the victim in that position, pausing only to kick him on the way out of the cabin. The evidence supports a reasonable inference that during the course of his attack on the victim, the defendant reasonably would have appreciated that serious injuries would result from his actions.

Even if the defendant had entered the cabin unaware that a space heater was present, as the defendant suggests, there was sufficient time for him to grasp the role it might play in his plan to punish the victim. It is sufficient that at the critical moment he knew of its presence and reasonably appreciated how it could maim or disfigure the victim. Compare *Commonwealth v. Mercado, supra* at 398 (defendant's contention that there was no proof he knew, before the incident began, that there was a bat in the trunk of the car amounts to an "irrelevancy").

*Duplicative convictions.* The defendant contends that his convictions of assault and battery committed on the victim by means of a dangerous weapon were duplicative of the mayhem conviction. As this claim was not raised below, he must establish that the error, if any, created a substantial risk of a miscarriage of justice. See *Commonwealth v. King*, 445 Mass. 217, 225 (2005), cert. denied, 126 S. Ct. 1433 (2006).

Although assault and battery by means of a dangerous weapon

is a lesser included offense of second branch mayhem, *Commonwealth* v. *Martin*, 425 Mass. 718, 721-723 (1997), this is not the case when the two offenses derive from separate and distinct acts. *Commonwealth* v. *Mamay*, 407 Mass. 412, 418 (1990). In the present matter, there was a break between the initial assault and battery on the victim, when he was knocked unconscious with a bat, and the later attack involving the space heater. During that interval, the defendant turned his attention to the victim's friend who was sitting on the couch and assaulted him with the baseball bat. Apparently confident that the friend would not interfere, the defendant launched a new attack on his helpless victim, all the while driving his face toward the space heater, ultimately with tragic results.

Despite the temporal proximity of the defendant's first assault on the victim and his later commission of mayhem, the acts were not "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *Thomas*, 401 Mass. 109, 120 (1987), quoting from *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979). "Where convictions are based on *distinct* acts, it is unnecessary even to consider whether the offenses contain mutually exclusive elements . . . ." *Commonwealth* v. *Gallant*, 65 Mass. App. Ct. 409, 415 (2006). Accordingly, the conviction of assault and battery by means of a dangerous weapon (bat) stands.

On the other hand, the defendant's conviction of assault and battery by means of a dangerous weapon (space heater) is duplicative of his conviction of mayhem and, consequently, creates a substantial risk of a miscarriage of justice. Both convictions relate to an identical course of conduct, rendering the former a lesser included offense of the latter. The Commonwealth does not argue otherwise.

*Conclusion.* The judgment of conviction and the sentence on count two of indictment no. 2003-0165-2 (assault and battery by means of a dangerous weapon, space heater) are vacated, the finding is set aside, and the indictment on that charge is dismissed. The remaining judgments are affirmed.

*So ordered.*