## COMMONWEALTH vs. JOSEPH McPHERSON.

No. 07-P-1319.

Middlesex. February 12, 2009. - April 17, 2009.

Present: McHugh, Mills, & Graham, JJ.

*Joint Enterprise. Practice, Criminal,* Instructions to jury, Assistance of counsel, Lesser included offense. *Constitutional Law,* Assistance of counsel. *Identification. Evidence,* Identification, Photograph, Cross-examination. *Mayhem. Intent. Assault and Battery by Means of a Dangerous Weapon.*

Although the judge at a criminal trial failed explicitly to withdraw his preliminary jury instruction on joint venture liability after the Commonwealth presented insufficient evidence to send that theory to the jury, given the language of the judge's later instructions, which informed the jurors that they could only consider individual liability, and the circumstances of the case, no juror could have reasonably considered a joint venture theory. [126-127]

At a criminal trial, the judge did not abuse his discretion in admitting a photographic array in evidence [127], properly limited the cross-examination of an immunized witness [127], and properly declined to allow the defendant's request for a continuance to hire private counsel, made on the day trial was slated to begin [127-128].

Evidence at a criminal trial, which demonstrated the defendant's preplanned, calculated use of a baseball bat to smash, without warning, a defenseless person's head, established a specific intent to maim or disfigure and supported the defendant's conviction of mayhem [128-129]; however, where that conviction was duplicative of the defendant's conviction of assault and battery by means of a dangerous weapon causing serious bodily injury, this court vacated the judgment on the latter charge [129].

INDICTMENTS found and returned in the Superior Court Department on September 11, 2004.

The cases were tried before *Peter M. Lauriat,* J.

*Kathleen M. Kelly* for the defendant.

*Hallie White Speight,* Assistant District Attorney, for the Commonwealth.

McHugh, J. A grand jury indicted the defendant, Joseph McPherson, for home invasion, G. L. c. 265, § 18C, mayhem, G. L. c. 265, § 14, and assault and battery by means of a

dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A(*c*)(i). He was convicted of all three offenses and appeals, asserting a variety of errors. We affirm in part and reverse in part.

The charges arose out of an incident that occurred after a house party in Framingham that the defendant had attended with about fifty other guests. Around 1:00 A.M., the defendant and his housemate, Sean O'Neill, engaged in a fight outside the house with a group of men. As a result, the party's hosts asked them to leave.

The defendant's group left but, at about 3:00 A.M., the defendant, O'Neill, and their other housemate, Adam Poitras, drove back to the party from their townhouse in Natick. Unannounced, the defendant walked in the back door carrying an eighteen-inch "black souvenir [baseball] bat." He went directly to the living room and immediately struck a man named Jason Knight "in the face once really hard," crushing the bridge of his nose, breaking the orbital bones around his right eye, and causing severe injury to his left eye. Another individual restrained the defendant as he was "winding up to hit something" again. The defendant fled but was subsequently arrested. His unsuccessful defense at trial centered on attacking the credibility of the Commonwealth's eyewitness testimony.[1]

On appeal, the defendant claims the trial judge erred by failing explicitly to withdraw his preliminary instruction on joint venture liability after the Commonwealth presented insufficient evidence to send that theory to the jury, admitting a photographic array from which witnesses identified him, restricting cross-examination of an immunized witness, and denying his request to continue the trial so he could hire private counsel. Further, the defendant claims that the Commonwealth presented insufficient evidence of the intent to maim or disfigure that is required for a mayhem conviction and that convictions of mayhem and assault and battery by means of a dangerous weapon causing serious bodily injury were duplicative.

*Discussion.* We take each issue in turn. First, although the judge did not explicitly tell the jurors to disregard the preliminary

---

[1]Poitras testified that the defendant called him after the incident and said "he was going to try to go to Canada" and that he was "not going away for fifteen years."

joint venture instruction he had given at the beginning of the trial, the judge did instruct the jurors that if they were "not convinced beyond a reasonable doubt that the defendant was the person who committed the crimes, [they] must find him not guilty." This language informed the jurors that they could only consider individual liability. Moreover, the summations focused solely on the defendant as the person who smashed Knight with the baseball bat, and the defense was misidentification, not failure to participate in the activities of someone else. Under the circumstances, no juror could have reasonably considered a joint venture theory.

Second, the judge did not abuse his discretion in admitting the photographic array. Because identification was a primary issue and one witness who identified the defendant from the array stated that she had met him only "once or twice," the array was properly admitted. Contrast *Commonwealth* v. *McCray*, 40 Mass. App. Ct. 936, 937 (1996) (photographic array not necessary where "the complainant had known the defendant for several years").

Third, the judge properly limited the cross-examination of Poitras, the immunized witness. The right to cross-examine "is subject to the judge's broad discretion." *Commonwealth* v. *Lucien*, 440 Mass. 658, 663 (2004). The judge allowed counsel to ask Poitras if he had charges pending; whether he received any promises, rewards, or inducements for his testimony; and whether he used drugs prior to returning to the party with the defendant. The judge refused, however, to let counsel ask about the details of the charges against Poitras, thus barring inquiry into an allegation concerning a hypodermic needle that had nothing to do with the case against the defendant. As the judge permitted examination about bias, the relevant issue, there was no error. See *Commonwealth* v. *Henson*, 394 Mass. 584, 587 (1985) ("The general rule . . . is to permit cross-examination for bias . . ."); *Commonwealth* v. *Jordan*, 439 Mass. 47, 55 (2003) (upholding judge's discretion to limit cross-examination into "marginally" relevant issue).

Fourth, the judge properly declined to allow the defendant to continue the trial to hire private counsel because he made the request on the day the trial was slated to begin. A "defendant's freedom to change his counsel is restricted on the commence-

ment of trial." *Commonwealth* v. *Miskel*, 364 Mass. 783, 791 (1974).

Finally, in reviewing the defendant's contention that the Commonwealth presented insufficient evidence of specific intent to maim or disfigure to support the mayhem conviction, we consider the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). The Commonwealth can establish such specific intent "by direct or inferential proof that the assault was intentional, unjustified, and made with the reasonable appreciation on the assailant's part that a disabling or disfiguring injury would result." *Commonwealth* v. *Lazarovich*, 28 Mass. App. Ct. 147, 154 (1989), quoting from *Commonwealth* v. *Davis*, 10 Mass. App. Ct. 190, 196 (1980).

The Commonwealth's evidence was that the defendant left the party, armed himself with a baseball bat and, upon returning to the house, entered unannounced and proceeded directly to an interior room where, without announcement or warning, he "wound up" and swung the bat, which was the size of a billy club, at Knight's head. A preplanned, calculated use of a bat to smash, without warning, a defenseless person's head strongly supports an inference of intent to maim or disfigure. Compare *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. 391, 395 (1987) (sufficient evidence of an intent to maim where the defendant struck the victim with an aluminum baseball bat, where the "jury could find the weapon was applied to a person already seen to be beaten senseless"); *Commonwealth* v. *Drew*, 67 Mass. App. Ct. 261, 263 (2006) (where the defendant "returned to the unconscious victim lying on the floor and started beating him anew with the bat," the "circumstances of the brutal attack support a reasonable inference that the defendant had a specific intent to maim or disfigure the victim").

This was not the type of "spur of the moment" action we have found insufficient to support a conviction of mayhem. See *Commonwealth* v. *Cleary*, 41 Mass. App. Ct. 214, 218 (1996) (single blow to an eye with an axe handle was insufficient to support a conviction for mayhem where, "[v]iewed in its best light, the government's evidence shows that the defendant acted on the spur of the moment after [the victim] kicked his car"). Nor was it a situation where a weapon caused a more severe injury than

anticipated. See *Commonwealth* v. *Johnson*, 60 Mass. App. Ct. 243, 247 (2003) (insufficient evidence of an intent to maim "based on a single strike with a beer bottle in the midst of a brief bar fight and without any other evidence of the attacker's intent," where the fact that the bottle broke on impact contributed to the severity of the victim's injury). On the contrary, the injury the defendant inflicted was a logical and foreseeable consequence of his planned, sudden, and unprovoked attack; the weapon he used; the force with which he used the weapon; and the part of the victim's body at which he directed it. If he had not been restrained, the defendant was going to attack again. That combination provides a basis for inferring that the maiming injury Knight suffered was the type of injury the defendant intended.

As the Commonwealth concedes, however, the facts of this case do not permit the defendant's convictions both of mayhem and of assault and battery by means of a dangerous weapon causing serious bodily injury. See *Commonwealth* v. *Martin*, 425 Mass. 718, 722 (1997) ("Mayhem . . . is essentially an assault and battery by means of a dangerous weapon, with the additional aggravating factors of a specific intent to maim or disfigure, and certain forms of resultant physical injury. Therefore, the latter is a lesser included offense of the former"). Consequently, the conviction of assault and battery by means of a dangerous weapon causing serious bodily injury must be vacated as duplicative of the conviction of mayhem.

On the indictment charging assault and battery by means of a dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A (*c*)(i), the judgment is vacated, the verdict is set aside, and the indictment is dismissed. The remaining judgments are affirmed.

*So ordered.*